Larry E. McCOY, Plaintiff,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES, Defendant.

No. C–3–79–103.

United States District Court,
S. D. Ohio, W. D.

Dec. 17, 1981.

John A. Cervay, Dayton, Ohio, for plaintiff.

Joseph E. Kane, Columbus, Ohio, for defendant.

DECISION AND ENTRY ADOPTING REPORT OF MAGISTRATE IN ITS ENTIRETY; PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION OF MAGISTRATE OVERRULED; PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OVERRULED; DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OVERRULED; CASE REMANDED TO DEFENDANT FOR COMPUTATION AND PAYMENT OF BENEFITS; TERMINATION ENTRY

RICE, District Judge.

I. *Introduction*

This matter is before the Court pursuant to Plaintiff's motion to review the Magistrate's Report and Recommendation, filed pursuant to 28 U.S.C. § 636(b)(1)(C), which said report recommended that Plaintiff's motion for summary judgment be overruled, that Defendant's motion for summary judgment be overruled, and that the case be remanded to the Defendant for computation and payment of benefits. A synopsis of the history of this case is set forth below.

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income, alleging that he had been disabled since March 16, 1976, due to a back injury. The claims were denied initially and upon reconsideration by the Social Security Administration (SSA), whereupon Plaintiff requested a hearing. On April 19, 1978, a hearing was held before an Administrative Law Judge (ALJ), before whom Plaintiff appeared with his attorney. In addition, the ALJ received testimony from Dr. George E. Parsons, a vocational expert. On June 12, 1978, the ALJ rendered a decision finding that Plaintiff had been under a disability from the date of his injury to July 16, 1977, and was entitled to benefits for that period. The ALJ further held that Plaintiff was not entitled to benefits after July 16, 1977, for the reason that while Plaintiff's injury prevented him from engaging in his previous work, he was able to engage in other substantial gainful work after July 16, 1977. Plaintiff then requested review by the Appeals Council of the latter holding of the ALJ. The Council affirmed the ALJ's decision on January 29, 1979.

On March 7, 1979, Plaintiff filed his complaint with this Court, seeking judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g). The matter was referred to the U.S. Magistrate on March 7, 1979, pursuant to 28 U.S.C. § 636(b)(1). Defendant filed a motion for summary judgment, but Plaintiff filed a motion to remand the matter to the Defendant, for the reason that the ALJ had ignored certain medical evidence in the record. The motion sought to have the Secretary consider a report of medical examination of the Plaintiff conducted after the ALJ's decision. In a "Report and Recommendation" dated February 29, 1980, the Magistrate recommended that the motion for remand be overruled, since the ALJ had *not* ignored any evidence and the post-decision medical report was merely cumulative of previous reports. This Court, in an Order dated March 24, 1980, adopted the Magistrate's Report, overruled the motion to remand, and directed the Plaintiff to file a motion for summary judgment. The Plaintiff duly complied with the Order.

Upon cross motions for summary judgment, the Magistrate, in another "Report and Recommendation," dated September 29,

1980, recommended that the motion for summary judgment by Plaintiff be overruled and that the motion for summary judgment by the Defendant be overruled. The Magistrate further recommended that the matter be remanded to the Secretary for the computation of benefits due the Plaintiff. Plaintiff then filed a motion to review the Report and Recommendation of the Magistrate on October 7, 1980, pursuant to 28 U.S.C. § 636(b)(1)(C).

## II. *De Novo Review*

■ In reviewing the decision of the Secretary, the Magistrate's task is to determine if that decision is supported by "substantial evidence." Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Report of the Magistrate, is required to make a *de novo* review of those recommendations of the Magistrate's Report to which objection is made. This *de novo* review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate, to determine whether the findings of fact by the Secretary are supported by "substantial evidence." 42 U.S.C. § 405(g); *Parish v. Califano*, 642 F.2d 188, 189 (6th Cir. 1981). The Supreme Court has stated that substantial evidence means:

> [M]ore than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971).

■ To obtain benefits under the Social Security Act, the burden is initially on the claimant to show disability which prevents him from performing his usual work. The disability must result from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(3). Once the claimant establishes a prima facie case of disability, the burden shifts to the Secretary to go forward with proof that the claimant has residual capacity for substantial gainful employment, and

that there are jobs in the national economy which the claimant can perform. *Young v. Califano*, 633 F.2d 469, 470 (6th Cir. 1980); *Slaven v. Harris*, 508 F.Supp. 280, 283 (S.D. Ohio 1981). To meet this burden, the Secretary must receive evidence to show that the claimant can engage in substantial gainful work in light of the claimant's age, education, work experience, and physical condition. 42 U.S.C. §§ 423(d)(2)(A), 1382c(3)(B). The preferred method of receiving such evidence is through the testimony of a vocational expert. *O'Banner v. Secretary of Health, Education & Welfare*, 587 F.2d 321 (6th Cir. 1978).

The evidence shows that the Plaintiff is thirty-one years old, married nine years, the father of two sons, and has a tenth grade education (T. 35–38). He worked at various positions at an interstate truck stop, and worked as a truck driver from 1973 until the accident in his truck on March 16, 1976, that resulted in his back injury. (T. 18–41).

As previously noted, the ALJ in his decision found that the Plaintiff was disabled between March 16, 1976, and July 16, 1977, but not thereafter. The ALJ reached this conclusion by relying principally on a report by Dr. Meyer, which indicated that Plaintiff suffered from chronic lumbosacral strain without clinical evidence of nerve root compression syndrome, but that X-rays taken were essentially normal and that Plaintiff could tolerate sedentary work. (T. 185–186). The date of Dr. Meyer's report, July 16, 1977, formed the basis for the cut-off date of the period of disability by the ALJ. (T. 16).

However, a psychological evaluation performed by Dr. Barna, summarized in a report dated September 27, 1977, reached a different conclusion. After a lengthy and detailed discussion of the Plaintiff's emotional and psychological status, including the results of several aptitude tests administered to him, Dr. Barna indicated that Plaintiff had:

> a serious personality disability meriting the diagnosis of anxiety reaction in a dyssocial personality structure, that would require professional psychothera-

peutic intervention before he would return to gainful employment. (T. 199). The ALJ summarized Dr. Barna's report in his decision (T. 15), but made no attempt to dismiss or distinguish Barna's conclusion.

Upon cross motions for summary judgment, the U.S. Magistrate in his Report recommended that both motions be overruled, and that the case be remanded for computation and payment of benefits by the Secretary. The Magistrate stated that while there was substantial evidence in the record to support the ALJ's decision that Plaintiff was no longer under a *physical* disability as of July 16, 1977, there was no evidence in the record to refute Dr. Barna's conclusion regarding Plaintiff's *psychological* impairment. (Magistrate's Report at 5–6). He recommended that:

> This case be remanded to the Secretary in order to determine the date on which his physical and mental impairments, in combination, precluded him from engaging in substantial gainful employment and to compute the amount of benefits due Plaintiff from March 16, 1976.

Magistrate's Report at 6.

Plaintiff raises two objections to the Magistrate's Report. First, he argues that since the Magistrate found there was no substantial evidence to support the ALJ's determination that the disability ended on July 16, 1977, Plaintiff's motion for summary judgment should be granted. Second, he argues that any remand to the Secretary should be preceded by a payment of benefits for the undisputed period of disability (March 16, 1976 to July 16, 1977), and that on remand benefits should be paid to Plaintiff from July 16, 1977, to that date (if any) on which the Secretary determines that Plaintiff has completed mental therapy. The Defendant filed no objections to the Magistrate's Report.

Plaintiff's first objection to the Report is without merit. As noted above, the Magistrate's holding was twofold. First, he held that there *was* substantial evidence to support the ALJ's determination that Plaintiff's *physical* impairments were no longer

disabling after July 16, 1977. Second, he held that there *was not* substantial evidence to support the ALJ's implied determination that Plaintiff's *psychological* impairments were not disabling as of that date. For this reason, the Magistrate recommended that the reasoning in the ALJ's decision need not be rejected in its entirety, and that a remand was appropriate to determine "the date on which his physical and mental impairments, in combination, precluded him from engaging in substantial gainful employment and to compute the amount of benefits due Plaintiff from March 16, 1976." As a corollary to this recommendation, he also recommended that sustaining Plaintiff's motion for summary judgment would not be proper. A careful review by this Court of the medical reports in the record and of the ALJ's decision indicates that the Magistrate's recommendation is correct. Dr. Barna acknowledged that Plaintiff's mental problem was treatable by therapy (T. 199), and in such circumstances a remand to the Secretary, as permitted by 42 U.S.C. § 405(g), would be proper to refer Plaintiff for such treatment. Such a remand would serve a legitimate purpose and would not merely involve the presentation of cumulative evidence. *Estes v. Harris*, 512 F.Supp. 1106, 1116 (S.D.Ohio 1981).

In contrast, the first portion of Plaintiff's second objection stands on firm ground. That is, there seems no reason to delay payment to Plaintiff of benefits for the period between March 16, 1976, and July 16, 1977, if said payment has not been already made. The Secretary has not disputed Plaintiff's eligibility for benefits during that period, and Plaintiff did not seek review of that portion of the ALJ's decision. Hence, while payment of benefits may be suspended pending a "review of the Secretary's decision," 42 U.S.C. § 405(i), once a "final decision" by this Court "that any person is entitled to any payment or payments," *id.*, has been made, the Secretary shall pay benefits to the claimant. Such payments would be included in the Magistrate's recommendation that the Secretary, upon remand, "compute the amount of ben-

efits due Plaintiff from March 16, 1976." (Report at 6).

■ In the balance of Plaintiff's second objection, he argues that, upon remand, the burden is on the Secretary "to refer the claimant for psychotherapy." Benefits should continue, he contends, until the Secretary has shown that the claimant has improved sufficiently so as to return to substantial gainful work. *See Liggett v. Califano*, Unempl.Ins.Rep. (CCH) ¶ 15, 584 (S.D.Ohio 1977).

Plaintiff correctly states the burden that is placed upon the Secretary. *Liggett v. Califano, supra.* However, nothing in the Magistrate's Report and Recommendation forecloses placing such a burden upon the Secretary. The Magistrate held that nothing in the record, or the memoranda proffered by the parties, indicated a date (if any) upon which Plaintiff was no longer disabled. Report at 6. As a consequence, he recommended that the Secretary, upon remand, determine the date on which Plaintiff's "physical and mental impairments, in combination, precluded him from engaging in substantial gainful employment." *Id.* While the Magistrate's wording is perhaps not a model of clarity, this Court interprets said language, in light of the Report and Recommendation as a whole, to place the burden on the Secretary to determine when the Plaintiff is *not* disabled. Until such time, Plaintiff is entitled to benefits. Hence, there is no need to overrule the Magistrate on this point.

■ It is true that, under caselaw and SSA regulations, benefits can be denied for willful failure to submit to treatment for a disability. *See, Young v. Califano, supra*, 633 F.2d at 472–73 & n.2 (citing 20 C.F.R. § 404.1518 (1979)); *Schena v. Secretary of Health and Human Services*, 635 F.2d 15, 18–19 (1st Cir. 1980). As the Magistrate pointed out (Report at 6), nothing in the record indicates whether any psychotherapy was prescribed, if Plaintiff refused to undergo the therapy, or if such refusal (if any) was willful. In these circumstances, a remand to the Secretary is proper to pay benefits to Plaintiff for the period after July 16, 1977, and the Secretary may refer the Plaintiff to therapy, or determine if Plaintiff has undergone or is undergoing therapy on his own accord. However, since Plaintiff's mental impairment is a treatable one—and Plaintiff's counsel does not contend otherwise—such benefits may be terminated *if* : (1) Plaintiff successfully completes said therapy or (2) he willfully refuses to undergo said therapy. Plaintiff is entitled to benefits for the post-July 16, 1977, period until and unless the Secretary makes such a determination.

Accordingly, after a review of the entire record, this Court is in agreement with the recommendation of the Magistrate that a remand is appropriate in this case. Disability benefits should be paid to the Plaintiff for the period between March 16, 1976, and July 16, 1977. Benefits for the period after the latter date should be paid until and unless the Secretary determines that either: (1) Plaintiff has successfully completed psychotherapy, or (2) he has willfully refused to undergo such therapy.

## III. *Conclusions*

Based on the above analysis of facts and legal principles, the Court finds that the objections of the Plaintiff to the Report and Recommendation of the Magistrate are not well taken, and the Court finds that said Report and Recommendation should be adopted in its entirety. It is so ordered.

Wherefore, based upon the aforesaid, this Court overrules both the Plaintiff's and Defendant's motions for summary judgment, and remands this matter to the Secretary for the payment of benefits to Plaintiff and further proceedings (if any) as outlined in this opinion.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.