**Martha SMITH, Plaintiff,**

v.

**Richard SCHWEIKER, Secretary of Health and Human Services, Defendant.**

**No. 80 C 0258.**

United States District Court,
E.D. New York.

Aug. 25, 1982.

John T. McManus, Far Rockaway, N.Y., The Legal Aid Society (Joan Heckerling, Brooklyn, N.Y., of counsel), for plaintiff.

Edward R. Korman, U.S. Atty., Brooklyn, N.Y. (Jo Davis, Asst. U.S. Atty., Brooklyn, N.Y., of counsel), for defendant.

## MEMORANDUM AND ORDER

NICKERSON, District Judge.

On November 3, 1981, this court reversed a determination of the Secretary of Health and Human Services denying in part plaintiff's application for Supplemental Security Income benefits and adjudged plaintiff eligible for benefits from February 25, 1976 and thereafter. Familiarity with the court's memorandum and order is assumed.

Plaintiff's representative, the Legal Aid Society, now moves for attorney's fees under the Equal Access to Justice Act (the Act), 28 U.S.C. § 2412(d)(1)(A). That section (effective only as to any action commenced before October 1, 1984) provides, in pertinent part,

[e]xcept as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action (other than cases sounding in tort) brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

The Government urges that (1) the fees were not "incurred" by plaintiff because she is not obliged to pay the Legal Aid Society, (2) the Government's position before this court was "substantially justified," (3) the Act does not authorize awards for services before October 1, 1981, and (4) the hours spent on the case were excessive. Since the Government's position in the litigation in this court, while unsuccessful, was "substantially justified," the court need not decide the other issues.

Section 2412(d)(1)(A) requires the court to award fees and expenses incurred in the "action" unless "the court finds that the position of the United States was substantially justified" or special circumstances make an award unjust. It is clear from the wording of the section that the "position" referred to is that of the Government in this court.

The Congressional Committee reports make it plain that while the burden of proof rests with Government, "[t]he test of whether or not a Government action is substantially justified is essentially one of reasonableness." H.Rep. No. 96–1418, 96th Cong., 2d Sess., *reprinted in* [1980] U.S.Code Cong. & Ad.News 4953, 4984, 4989; *see also* S.Rep. No. 96–253, 96th Cong., 1st Sess. In order to show that its position before this court was "substantially justified" the Government need not show that it won the case or even that "its decision to litigate was based on a substantial probability of prevailing." H.Rep., *supra*, at 11, U.S.Code Cong. & Admin.News 1980, p. 4990; S.Rep., *supra*, at 7. The Congressional Reports show that the words "substantially justified" were copied from Rule 37 of the Federal Rules of Civil Procedure, requiring an award of expenses and attorney's fees to a prevailing party on a motion to compel discovery unless the court finds that the position of the losing party was "substantially justified." Under that rule if the discovery dispute is "genuine" the losing party is "substantially justified." Advisory Committee Notes, 48 F.R.D. at 540.

The court finds that it was reasonable for the Government to attempt to sustain the administrative decision in this case and that therefore the position of the Government was substantially justified.

By the memorandum and order dated November 3, 1981, this court reversed the Appeals Council's rejection of the Administrative Law Judge's determination that plaintiff was disabled after February 5, 1980. The Appeals Council's decision that plaintiff was no longer disabled was based chiefly on the testimony of Dr. Annellese Pontius and on the report of Dr. Tae R. Kang. Dr. Pontius, a Diplomate of the American Board of Neurology and Psychiatry, appeared at the hearing as a medical adviser, and after examining the medical evidence and listening to the testimony, testified that plaintiff's psychoneurotic condition was in remission and that she had the capacity to perform sedentary work after February 5, 1980.

Dr. Kang, board-certified in psychiatry and neurology, examined plaintiff and reported that plaintiff did not manifest any prominent psychiatric disorder that would interfere with her daily living.

The Appeals Council found that Dr. Pontius' opinion was supported by the opinion of Dr. Kang. This court concluded otherwise on the basis of the following testimony.

"Q. Do you place any emphasis or credence on the consultative report of Dr. Jang (sic).

A. Dr. Jang—gives no mental status stimulation whatsoever. So this—his report is not reported one way or the other. He just adds at the end—he does not describe in any way the patient's mental function, and just mentions at the end that his examination, which he does not describe, does not manifest any pulmonary (sic) [should be "prominent"] psychiatric disorder.

Q. Now—

A. But he doesn't substantiate that." (Tr. 189).

This court decided that since the Government's own medical adviser testified that he did not find Dr. Kang's report useful, it could not be said to form part of "substantial evidence" contrary to the opinion of the treating psychologist. But the point was not wholly free from doubt when the case was presented to the court, and the Government was not unreasonable in attempting to sustain the decision of the Appeals Council, which placed greater weight on the opinions of the two board-certified physicians than on that of the treating psychologist.

The request for attorneys fees is denied. So ordered.