**Mabel M. PRETTYMAN, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.**

**No. CV 82–161–M.**

United States District Court,
D. Montana,
Missoula Division.

Jan. 20, 1984.

---

James E. Vidal, Murray, Kaufman, Vidal & Gordon, Kalispell, Mont., for plaintiff.

Allen McKenzie, Asst. U.S. Atty., Butte, Mont., for defendant.

## OPINION AND ORDER

RUSSELL E. SMITH, District Judge.

A petition requesting that the court award attorney's fees under 28 U.S.C. § 2412(d) of the Equal Access to Justice Act has been filed in this case. The petitioner is an attorney who was retained by the plaintiff, Mabel Prettyman (plaintiff), to challenge a decision of the Secretary of Health and Human Services terminating plaintiff's Social Security benefits.

The prayer of the petition is as follows:

WHEREFORE, Petitioner prays that he be allowed twenty-five percent (25%) of the past due benefits as and for attorney fees, plus an amount to be determined by the Court pursuant to the Equal Access to Justice Act and $74.82 for Costs and Disbursements.

The Social Security law in 42 U.S.C. § 406(b)(1) provides as follows:

Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Secretary may, notwithstanding the provisions of section 405(i) of this title, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

This language is unequivocal. The maximum that plaintiff's attorney can receive as attorney's fees in this case is 25% of the past-due benefits recovered for plaintiff.

█ It is clear from the petition, however, that plaintiff's attorney seeks to receive for attorney's fees 25% of the past due benefits plus such amounts as may be awarded under 28 U.S.C. § 2412(d). Section 28 U.S.C. § 2412(d) provides in substance that a judgment for fees and costs against the United States may be awarded to a "prevailing party" if the position of the United States was not substantially justified. This section is not a lawyer's relief bill. It was passed to protect the client from unjustified acts of the United States. It would indeed be difficult to find that Congress intended to reward an attorney who was successful in a case simply because the position of the United States had no merit. In a case such as this where the fee is contingent, the plaintiff's attor-

ney is more apt to receive a fee when the Government's case has no justification.

 The right created by 28 U.S.C. § 2412(d) lies in the prevailing party and not in the prevailing party's attorney. This petition was not filed by plaintiff, however, and plaintiff would not profit if the claim were allowed. I do not decide whether the court would have jurisdiction[1] under 28 U.S.C. § 2412(d) if the plaintiff were the petitioner, but I do decide that when plaintiff's attorney here seeks to collect a fee greater than the 25%, he seeks to do what the law specifically prohibits.

 Even if plaintiff's attorney could recover attorney's fees under 28 U.S.C. § 2412(d), I would deny the petition for the additional reason that in my opinion the Secretary was justified in denying that the period of disability commenced within the period of plaintiff's insured status. The question posed here is not the question posed by the appeal. In the appeal the question was whether the judge believed that there was sufficient evidence to sustain the conclusion of the Appeals Council. Here the question is whether the Appeals Council believed that there was enough evidence to persuade a district judge that it was sufficient. The fact that the evidence was insufficient in my mind does not mean that the Secretary was unreasonable in trying to persuade me. This is not a case in which there was no evidence supporting the Appeals' Council because, although I found it to be weak, there was some evidence. In cases such as this where there is a progressive disease, there is no time clock which chimes at the exact moment of disability.

In many of these Social Security cases (not this one) the Administration is faced with the almost superhuman job of sorting the gold bricks out of the stream of applicants for disability benefits. I am unwilling to subscribe to any doctrine which would punish the Secretary because a district judge did not agree with her so long as there is some evidence in support of the Secretary's decision.[2]

The plaintiff's attorney seeks 25% of the past due benefits recovered by the plaintiff under 42 U.S.C. § 406(b)(1), and the Secretary agrees that the court may award an attorney's fee in the amount calculated to be $3,169.35. Plaintiff's attorney refuses to accept this figure.

Let judgment be entered denying petitioner any relief under 28 U.S.C. § 2412(d), and awarding petitioner under 42 U.S.C. § 406(b)(1) the amount of 25% of the past due awards.

The court retains jurisdiction to determine the amount of past due benefits should there be a controversy.

---

**1.** If the question is one of jurisdiction.

**2.** See *Wolverton v. Schweiker*, 533 F.Supp. 420, 425 n. 14 (D.Idaho 1982).