Fritz **EUSTACHE**, Plaintiff,

v.

**SECRETARY OF the DEPT. OF HEALTH AND HUMAN SERVICES OF the U.S., Defendant.**

No. 83 C 3961.

United States District Court, E.D. New York.

Jan. 24, 1985.

Binder & Binder, Hauppauge, N.Y. (Charles E. Binder, Hauppauge, N.Y., of counsel), for plaintiff.

Raymond J. Dearie, U.S. Atty., Brooklyn, N.Y. (Kiyo Matsumoto, Asst. U.S. Atty., Brooklyn, N.Y., of counsel), for defendant.

## MEMORANDUM AND ORDER

NICKERSON, District Judge.

Plaintiff's attorney moves for an award of attorney's fees under both the Social Security Act, 42 U.S.C. § 406(b)(1), and the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A). On June 21, 1984, the court reversed a determination of the Secretary of Health and Human Services denying plaintiff's application for a period of disability and disability insurance benefits and Supplemental Security Income based on disability. Familiarity with the court's memorandum and order is assumed.

### 1. Attorney's Fees Under The Social Security Act.

Under section 406(b)(1) of the Social Security Act, a court rendering a judgment favorable to a claimant who was represented by an attorney may allow as part of its judgment a reasonable fee for representation before the court, not to exceed 25% of the total of the past-due benefits. The court determines that a fee of $100 an hour is reasonable for the 28 and ½ hours spent in litigation before this court. Plaintiff's attorney should be advised that this court will not treat the contingency agreement as a factor in setting fees under section 406(b)(1). *Modica v. Secretary of Health and Human Services*, 581 F.Supp. 39 (E.D.N.Y.1984). Attorneys are not entitled to a flat 25% of the past-due benefits, but only such amount as is determined and allowed as a reasonable fee. The fee is fixed at $2,850.

### 2. Attorney's Fees Under The Equal Access to Justice Act.

Plaintiff also moves for attorney's fees under section 2412(d)(1)(A) of the Equal Access to Justice Act. The Act provides that "a court shall award to a prevailing party" fees "incurred by that party" in a civil action against the United States unless the position of the United States was "substantially justified" or special circumstances make an award unjust.

No party disputes the fact that attorney's fees may be awarded under both the Social Security Act and the Equal Access to Justice Act. The application of both statutes in the same case does not lead to a duplication of attorney's fee awards. Attorney's fees under the Social Security Act come out of funds that would otherwise have gone to the claimant and are awarded to the claimant's attorney. *See Ocasio v. Schweiker*, 540 F.Supp. 1320, 1321 (S.D.N.Y.1982). The attorney's fees provision in the Equal Access to Justice Act, on the other hand, authorizes an award against the federal government and to the claimant, not the claimant's attorney. *Oguachuba v. Immigration and Naturali-*

*zation Service*, 706 F.2d 93 (2d Cir.1983); *Tripodi v. Heckler*, 100 F.R.D. 736, 738 (E.D.N.Y.1983); *Prettyman v. Heckler*, 577 F.Supp. 997 (D.Mont.1984). *See also Wolverton v. Schweiker*, 533 F.Supp. 420, 423 n. 2 (D.Idaho 1982); *MacDonald v. Schweiker*, 553 F.Supp. 536, 538 (E.D.N.Y. 1982); *Watkins v. Harris*, 566 F.Supp. 493 (E.D.Pa.1983). *Cf. Ceglia v. Schweiker*, 566 F.Supp. 118, 120 n. 1 (E.D.N.Y.1983) (legal services is real party in interest); *Smith v. Schweiker*, 563 F.Supp. 891 (E.D.N.Y.1982) (legal services). The motion for attorney's fees under the Equal Access to Justice Act is thus construed by the court as being made on behalf of the plaintiff, and not his attorney. *See Oguachuba*, 706 F.2d at 98.

Since the Equal Access to Justice Act is meant to encourage review of unreasonable government action by defraying the cost of legal assistance, and the claimant has indeed paid for legal assistance under the attorney's fees provision of the Social Security Act, the claimant is entitled to apply for attorney's fees under the Equal Access to Justice Act.

Plaintiff argues that the government's position was not substantially justified. It is clear from the wording of the section that the "position" referred to is that of the government in this court. *Smith*, 563 F.Supp. at 892. While the burden of proof rests with the government, the test of whether or not a government action is substantially justified is essentially one of reasonableness. *Id. See also Berman v. Schweiker*, 531 F.Supp. 1149 (N.D.Ill.1982), *aff'd*, 713 F.2d 1290 (7th Cir. 1983).

The Administrative Law Judge found that because the claimant had refused "reasonable investigations" that might aid in treating and alleviating his pain, the severity of claimant's pain could not be considered totally disabling. The claimant was found to have the residual functional capacity to perform sedentary work.

It is of course true that a claimant who fails to cooperate at a consultative examination, without good cause, may have his claim dismissed. *See Deuter v. Schweiker,* 568 F.Supp. 1414, 1420 (N.D.Ill. 1983); *McCoy v. Secretary of Health and Human Services,* 532 F.Supp. 359, 363 (S.D.Ohio 1981) and cases cited; *Kaminski v. Califano,* 465 F.Supp. 367, 371 (S.D.N. Y.), *aff'd,* 614 F.2d 1288 (2d Cir.1979); 20 C.F.R. §§ 404.1512–.1518. As this court found, claimant was not unreasonable in refusing a further myelogram after experiencing intense pain in a previous attempt. Furthermore, a myelogram is not ordinarily performed solely for investigatory purposes due to the hazards of such a procedure.

The evidence that the Administrative Law Judge went on to consider overwhelmingly established that the claimant could not do even sedentary work. Even the defendant's own consulting doctors did not state facts that supported a finding that the sedentary criteria had been met. *Eustache v. Secretary of the Dept. of Health and Human Services,* 83 C 3961 at 9–10 (E.D.N.Y.1984) (unpublished opinion). While the mere fact that the defendant was not the prevailing party does not necessarily mean that its position was not substantially justified, *see Ceglia,* 566 F.Supp. at 123, the court cannot conclude that the government's position had a reasonable basis both in law and fact. *See, e.g., Kauffman v. Schweiker,* 559 F.Supp. 372, 375–76 (M.D.Pa.1983) and cases cited.

Plaintiff seeks an award of $2,137.50 representing 28 and ½ hours of legal work before the court at $75 per hour. Absent special factors, $75 an hour is the maximum rate permitted by the Act. 28 U.S.C. § 2412(d)(1)(C)(2)(A). The court has examined the petition and finds $75 an hour and the 28 and ½ hours reasonable. *See Tripodi,* 100 F.R.D. at 739–40.

The court awards plaintiff's attorney $2,850 under the Social Security Act and awards plaintiff $2,137.50 under the Equal Access to Justice Act. So ordered.