**Sydelle WAX, Raymond B. Wax, as Guardian ad Litem of Arden Wax and Raymond B. Wax, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 17195.**

United States District Court E. D. New York.

April 27, 1960.

Smith & Rafsky, New York City, for plaintiffs. Sam Panish, New York City, of counsel.

Cornelius W. Wickersham, Jr., U. S. Atty., by John E. Hurley, Asst. U. S. Atty., Brooklyn, N. Y., for defendant.

ZAVATT, District Judge.

This is a motion pursuant to Rule 54 (d) of the Federal Rules of Civil Procedure, 28 U.S.C. to review the action of the Clerk who allowed as costs to the plaintiffs, the prevailing party in a Federal Tort Claims Act case, an item of $460.75 as fees of the court reporter for the transcript which plaintiffs ordered. The defendant contends that this item may not be taxed against the United States.

This action was brought by the plaintiffs against the Government pursuant to 28 U.S.C. § 1346(b) to recover for personal injuries and property damage

**164**

caused by the negligent act of an employee of the Government while acting within the scope of his employment. The case was tried to the court without a jury. The court found for the plaintiffs because the injuries and property damage were sustained under such circumstances that the United States, if a private person, would be liable to the plaintiffs in accordance with the law of New York State, where the negligent act of the Government's employee occurred.

At an early stage during the trial, the court advised the counsel for the plaintiffs and the Assistant United States Attorney that it would be necessary for them to furnish the court with the stenographic transcript before the court could render a decision. The court did not request the reporter to furnish the transcript to the court, 28 U.S.C. § 753(b), or to deliver a copy thereof to the court or to the Clerk, 28 U.S.C. § 753(f). It would appear that the plaintiffs requested the transcript and paid him $460.75 therefor at the normal prescribed rates. 28 U.S.C. § 753(f).

28 U.S.C. § 2412(c) provides that "In an action under subsection (b) of section 1346 of this title, costs shall be allowed in all courts to the successful claimant, but such costs shall not include attorneys' fees." 28 U.S.C. § 1920 provides that "a judge or clerk of any court of the United States may tax as costs the following: * * * (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." Rule 54(d), Federal Rules of Civil Procedure, provides that " * * * costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law." It is permitted by law to tax a stenographic transcript necessarily obtained for use in the case. 28 U.S.C. § 1920(2). I find that the transcript ordered by the plaintiffs was so obtained and that taxation of the cost thereof is proper. Texas City Tort Claims v. United States, 5 Cir., 1951, 188 F.2d 900, cited by the Government is not on point.

Settle an order within ten days.