**Abraham S. KRAMER, Plaintiff,**

v.

**MARINE MIDLAND BANK and Toyota of Rockland, Inc., Defendants.**

No. 80 Civ. 4431 (WK).

United States District Court, S.D. New York.

Jan. 24, 1984.

As Amended Jan. 30, 1984.

---

1. If the question is one of jurisdiction.

2. *See Wolverton v. Schweiker,* 533 F.Supp. 420, 425 n. 14 (D.Idaho 1982).

**1000**

Daniel L. Kurz, Monsey, N.Y., for plaintiff.

Phillips, Lytle, Hitchcock, Blaine & Huber, Buffalo, N.Y., for defendants.

## MEMORANDUM & ORDER, and ORDER FOR THE ENTRY OF JUDGMENT

KNAPP, District Judge.

In *Kramer v. Marine Midland Bank* (S.D.N.Y.1983) 559 F.Supp. 273 we granted summary judgment in plaintiff's favor on one out of ten claims brought under the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, and the regulations promulgated thereunder, Regulation Z, 12 C.F.R. 226.1 (1982) *et seq., reprinted in* 15 U.S.C. *fol.* § 1700. All of plaintiff's other claims were dismissed. Plaintiff having suffered no actual damages, we awarded costs and statutory damages of $1,000.00; he now moves for an award of attorney's fees in the sum of $38,634.75. The Act clearly entitles him to fees, *see* 15 U.S.C. § 1640(g); the question before us is the amount.

Plaintiff sets forth an impressive array of tasks alleged to have been accomplished in the course of the litigation. However, the plain fact of the matter is that most of the work plaintiff did was useless. His method of advocacy could best be described as the "sieve approach," *i.e.,* indiscriminately throwing legal gravel upon a sieve hoping that some would not filter through, never giving any hint to the Court as (to mix a metaphor) how to separate the wheat from the chaff. One of the ten claims thus hurled did turn out to be meritorious; hence his present application.

The Supreme Court has recently reminded us that, even a "prevailing party," ought not to be compensated for legal work in connection with unsuccessful claims. *Hensley v. Eckerhart* (1983) — U.S. —, 103 S.Ct. 1933, 1940, 76 L.Ed.2d 40.[1] A fortiori, attorney's fees should not be granted for work in raising arguments which often bordered on the frivolous, which had the effect of obscuring the merits of plaintiff's only substantial claim, and which was—apparently—performed for the sole purpose of making a record to support the instant application.[2] We, therefore, in calculating the lodestar figure, eliminate those hours spent on claims unrelated to the single claim on which plaintiff prevailed. After a careful review of plaintiff's exhibit titled "Explanatory Transcription of Time Sheets" and all papers submitted by the parties, we conclude that the reasonable number of hours spent on the single prevailing claim (which, incidentally, was the claim brought by the plaintiff to his attorney in the first place) was at most 37 hours—or about one-tenth of the total amount of time spent.

We now turn to the question of a reasonable rate. Plaintiff offers no indication of the hourly rate normally charged for similar work by attorneys of like skill in the area. He merely tells us that he has billed his time at rates varying from $75 to $105 per hour. If we were to accept—for

---

**1.** Such unsuccessful claims must be "unrelated" to the successful one. The claims which we dismissed are clearly "unrelated," as they were "based on different facts and legal theories" from the claim on which plaintiff did prevail. *Hensley v. Eckerhart* (1983) — U.S. —, 103 S.Ct. 1933, 1940, 76 L.Ed.2d 40. Although *Hensley* was an action under the Civil Rights Act, its teachings are applicable "in all cases in which

Congress has authorized an award of fees to a 'prevailing party'." *Id.,* 103 S.Ct. at 1039 n. 7.

**2.** It is worth noting that had the attorney succeeded in establishing *all* of the federal claims we rejected, his client would have recovered merely an additional $198.00.

want of a better standard—plaintiff's figure, we would come to a fee award of $2,775.00. The Second Circuit has said that a court may adjust a lodestar figure upward or downward to take account of such subjective factors as the risk and complexity of the litigation and the quality of the representation. *See Cohen v. West Haven Board of Police Commissioners* (2d Cir. 1980) 638 F.2d 496, 505. In this case plaintiff came to his attorney with a single complaint, which, if presented to the court with the simplicity that the client presented it to his attorney, could easily have been disposed of. Any "risk" or "complexity" was created by the attorney's conduct in burying that simple claim beneath invalid claims and tortured and convoluted arguments. Given the simple nature of plaintiff's original (and only successful) claim, and given the poor quality of his attorney's representation, we feel that a fee of $2,000.00 would be more than generous.

Plaintiff is awarded the amount of $2,000 in counsel fees and $612.84 in costs. The Clerk is directed to enter judgment in plaintiff's favor for a total of $3,612.84, comprising $1,000.00 in damages, $612.84 in costs, and $2,000.00 in attorney's fees.

The Clerk is directed to close the case on our docket.

SO ORDERED.