Accordingly, plaintiff's request for a permanent injunction will be granted.

**Adelina SOTO–VALENTIN, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of Health & Human Services, Defendant.**

No. 83 Civ. 3532.

United States District Court, E.D. New York.

Sept. 27, 1985.

Adelina Soto-Valentin, Brooklyn, N.Y., pro se.

Victor Fusco, Scheine, Fusco & Brandenstein, P.C., New York City for plaintiff.

Asst. U.S. Atty. Michael P. DiRaimondo, E.D. of N.Y., for defendant.

## MEMORANDUM AND ORDER

GLASSER, District Judge:

In this case of first impression, this Court is squarely faced with the following question: in an action brought pursuant to the Social Security Act, in which the plaintiff successfully establishes entitlement to both Title II disability insurance benefits ("DIB") and Title XVI Supplemental Security Income benefits ("SSI"), and the government's position is not substantially justified, can the plaintiff obtain an award of attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA") which exceeds 25% of the plaintiff's back DIB benefits?[1] I find that this question should be answered in the affirmative.

By Memorandum and Order dated October 19, 1984, I reversed the Secretary's decision terminating plaintiff's Title II DIB and Title XVI SSI benefits. Defendant thereafter moved pursuant to Rule 60(b) of the Federal Rules of Civil Procedure for an order vacating the October 19 Order and remanding this action pursuant to Section 2(d)(2) of the Social Security Disability Benefits Reform Act of 1984 ("SSDBRA"). On December 7, 1984, I denied the Government's motion from the bench. Since that time, the Secretary has awarded plaintiff past due DIB benefits of $3689.00, but has withheld 25% of that amount, or $922.25, pursuant to 42 U.S.C. § 406(b)(1). The Court has not been apprised of the amount of plaintiff's past due SSI award.

Plaintiff's counsel[2] now seeks an award of attorneys' fees pursuant to the EAJA, or, alternatively, pursuant to 42 U.S.C. § 406(b). For the reasons set forth below, plaintiff is awarded, pursuant to the EAJA, counsel fees in the amount of $1481.75 and $23.40 in costs, or a total of $1505.15. In addition, plaintiff's counsel is awarded $922.25 pursuant to 42 U.S.C. § 406(b).

*Discussion*

**A. *Plaintiff's Entitlement to an EAJA Award***

Under the EAJA, a party who "prevails" in a civil action against the United

---

1. *Allen v. Heckler,* 588 F.Supp. 1247 (W.D.N.Y. 1984), and *Prettyman v. Heckler,* 577 F.Supp. 999 (D.Mont.1984), initially appear to address the issue presented in the introduction to this opinion (and to answer that question in the negative). However, those cases are distinguishable because in both *Allen* and *Prettyman,* the courts found that an award under EAJA was not appropriate, albeit for different reasons. In addition, although not clear from the texts of those decisions, it appears that both cases involved denials or terminations of DIB benefits only. In *Allen,* the court in fact found that counsel was not entitled to receive the full 25% of the plaintiff's back benefits.

2. Courts in this Circuit have held that under the EAJA, only a prevailing *party,* and not his or her attorney, may be awarded fees. *See Oguachuba v. INS,* 706 F.2d 93, 97–98 (2d Cir.1983); *Tripodi v. Heckler,* 100 F.R.D. 736, 738 (E.D.N.Y.1984).

In a case decided shortly after *Oguachuba,* however, I found:

> Where, as here, the plaintiff is represented by a legal services organization, any fee obtained will go directly to the legal services organization which is in reality the real party in interest. It would therefore be exalting form over substance to deny this motion so that the ministerial function of substituting the plaintiff for the legal services organization could be accomplished. For this reason I find that the case is distinguishable from *Oguachuba* which involved private counsel and I therefore find that the motion is proper.

*Ceglia v. Schweiker,* 566 F.Supp. 118, 120 n. 1 (E.D.N.Y.1983). In any event, it is appropriate to construe that portion of this motion which seek an EAJA award to be made on behalf of plaintiff, while that portion which seeks an award under § 406(b) may be made directly by plaintiff's counsel.

States or any agency or official acting in his official capacity may be awarded costs and "reasonable fees and expenses of attorneys."[3] It is well settled that the EAJA applies to claims brought under the Social Security Act. *See, e.g., Ocasio v. Schweiker,* 540 F.Supp. 1320 (S.D.N.Y.1982).

■■■■ It is also undisputed that the plaintiff here is a "prevailing party" within the meaning of the Act. However, the plaintiff may recover an award under the EAJA only if the government was not "substantially justified" in its position in this litigation. Substantial justification refers to the position taken by the government in the federal court litigation, and not to the underlying position of the administrative agency. *Boudin v. Thomas,* 732 F.2d 1107, 1116 (2d Cir.1984). Essentially, the Government's position must be one of

"reasonableness." *Environmental Defense Fund v. Watt,* 722 F.2d 1081, 1085 (2d Cir.1983). Furthermore, where the law is unclear at the time of the government's memorandum, the government's position is *not* unreasonable. *Boudin v. Thomas, supra,* 732 F.2d at 1116.[4]

The merits of this case called into play at least two aspects of the law which changed significantly during the pendency of this action. Of more relevance to this motion is the change in the standard to be applied in cases involving the *termination* of benefits.[5] At the administrative level, the Secretary terminated plaintiff's benefits based on a "current disability" standard. On February 27, 1984, I issued a decision in another action, which held the "medical improvement" standard[6] to be applicable in a benefits termination case. *Lanzissero v. Heckler, supra* note 6.[7] The government

3. The relevant portion of the EAJA, 28 U.S.C. § 2412(d)(1)(A) provides:
 Except as otherwise specifically provided by statute, a court shall award to a prevailing party ... fees and other expenses ... incurred by that party in any civil action (other than cases sounding in tort) brought by or against the United States ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

4. A helpful discussion of this type of issue is set forth in *Grand Boulevard Improvement Ass'n v. City of Chicago,* 553 F.Supp. 1154, 1163 (N.D.Ill. 1982):
 Where the government's legal position hinges on a disputed interpretation of the governing law, the fact that the agency decision was set aside is not dispositive. It is certainly possible for the government to argue a reasonable, though erroneous interpretation of controlling laws or regulations. This is precisely the type of situation where the legislative history indicates the government's position may be deemed "substantially justified." *See* H.Rep. No. 1418, *supra* at 14, U.S.Code Cong. & Admin.News at 4993.
 Where the dispute is essentially over the governing legal standard, one additional question need be considered before the government's position may be deemed substantially justified. Assuming the government's "reasonable" though erroneous interpretation of law were correct, would the agency action have been sustained? This is but another way of saying that the government's interpretation of law must be controlling on the underlying dispute. It will not do for the government to

put forward a "reasonable" legal interpretation which, even if adopted, would not save the agency action. In such a case the arbitrariness of the underlying action exists independently of the purported dispute over legal standards.
(footnote omitted). Applying this analysis to this case, the government's position with respect to the merits of this action would still lack substantial justification based on the state of the law at the time that the cross-motions for judgment on the pleadings were argued. *See* the text of this opinion, *infra* at 631.

5. The other aspect of benefits law implicated by this case arose from the ALJ's application of the so-called "severity regulations," 20 C.F.R. §§ 404.1521 and 416.921, to plaintiff. These regulations were invalidated by Judge Lasker prior to my issuance of a decision on the parties' Rule 12(c) cross-motions. *Dixon v. Heckler,* 589 F.Supp. 1494 (S.D.N.Y.1984).

6. This opinion assumes familiarity with the "current disability" and "medical improvement" standards, which are discussed in further detail in, *e.g., DeLeon v. Secretary of Health & Human Services,* 734 F.2d 930 (2d Cir.1984) and *Lanzissero v. Heckler,* 580 F.Supp. 1408 (E.D.N.Y. 1984).

7. I also note in passing that although I remanded the action in *Lanzissero* based on the Secretary's failure to apply the proper legal standard, the court in *DeLeon* found that reversal is the proper result under such circumstances. This is relevant because if the instant action had been remanded, the plaintiff would not be entitled to

filed a memorandum in support of its motion for judgment on the pleadings in this case on May 2, 1984. Shortly thereafter, the Second Circuit addressed this issue and also determined that the "medical improvement" standard should be applied in termination cases. *DeLeon v. Secretary, supra* note 7. The parties' cross-motions for judgment on the pleadings were not argued before me until July 27, 1984. The medical improvement standard was codified in the SSDBRA in October 1984.

 In view of the above, it is clear that the law in this Circuit as to the standard applicable in termination cases *was* settled by the time that oral argument on the merits of the action was heard. Thus, based on the termination issue alone, the government's position in this litigation was not substantially justified *at the time when that motion was argued. See Boudin v. Thomas, supra,* 732 F.2d at 1116. Therefore, plaintiff is entitled to recover costs and attorneys' fees from the government under the EAJA, which arise from the prosecution of the merits of her claim. A plaintiff who is entitled to receive an award under the EAJA is also entitled to be awarded fees for time spent in connection with a fee application. *Tripodi v. Heckler, supra* note 2, 100 F.R.D. at 740.

 With respect to plaintiff's application for fees incurred in connection with the Rule 60 motion, however, I find that an EAJA award is not appropriate, as the government's position in that portion of this litigation *was* substantially justified. The SSDBRA's enactment ten days prior to the issuance of the October 9 Order prompted counsel for the government to file that motion. Although this Court was convinced that plaintiff should prevail on that motion, the government's position with respect thereto was certainly grounded on a good faith interpretation of the law which has, in fact, been followed by some courts. *See, e.g., Morneau v. Secretary of Health*

*and Human Services,* No. 84-1205 (1st Cir. Dec. 10, 1984); *Schwartz v. Secretary of Health and Human Services,* No. 83-1015 (W.D.N.Y. Dec. 20, 1984). Thus, plaintiff should not receive an EAJA award for the time spent on that motion. This result is consistent with an analogous decision reached by the Supreme Court in *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), where the Court held that "the *extent* of a plaintiff's success is a crucial factor in determining the proper amount of an award of attorney's fees under 42 U.S.C. § 1988." *Id.* at 435, 103 S.Ct. at 1940. Although that case was concerned with an award of attorney's fees under the Civil Rights Act, its reasoning applies with equal force here.

**B.** *Limitations on Amount of an EAJA Award*

The only remaining question presented is the amount of the award of fees and costs under the EAJA. Plaintiff's counsel seeks to recover a total of $2268, or a fee of $83 per hour for 27 hours of work, plus $23.40 in court reporter costs and $3.60 for travel expenditures.

The government contends that if plaintiff is to be awarded an EAJA fee, such award may not exceed $922.50, which is the amount of 25% of plaintiff's back due DIB benefits. In support of this argument, the government urges that because the EAJA permits only the award of a "reasonable" attorney's fee, and a 25% fee is the maximum considered "reasonable" under § 406(b), the same cap should be fixed with respect to a fee awarded under the EAJA. The government also relies on *Allen v. Heckler, supra* note 1, 588 F.Supp. 1247, where the court stated in dictum that "under no circumstances did Congress intend that an attorney be granted a fee of twenty-five percent (25%) of the past due benefits *and* an additional allowance under the EAJA." *Id.* at 1250 (emphasis in original).

receive an award under the EAJA. *McGill v. Secretary of Health & Human Services,* 712 F.2d 28 (2d Cir.1983), *cert. denied sub nom., McGill v. Heckler,* 465 U.S. 1068, 104 S.Ct. 1420, 79 L.Ed.2d

745 (1984) (plaintiff whose action is remanded to the Secretary is not a prevailing party within meaning of the EAJA).

*Accord, Prettyman v. Heckler, supra* note 1, 577 F.Supp. 997 (counsel's petition for *both* § 406 and EAJA fees was improper, as § 406 limited counsel's recovery to 25% of back benefits and EAJA was intended to compensate plaintiff and not to be "a lawyer's relief bill").

There are few guideposts in either EAJA case law or the legislative history of that statute which come close to addressing the problem posed by this motion. If one were to attempt to follow principles of logic, the following rationale would seem to support the government's argument: A plaintiff who recovers disability insurance benefits will not be liable to his attorney for fees in excess of 25% of the plaintiff's back benefits. 42 U.S.C. § 406(b). It is the plaintiff, and not his attorney, who is entitled to recover fees under the EAJA, *Oguachuba v. INS, supra; Tripodi v. Heckler, supra.* Therefore, because the plaintiff may not *incur* a fee of more than 25% of his past due benefits, he should not be able to recover from the government an amount exceeding 25% of the back award under the EAJA. Otherwise, it can be argued, the plaintiff would be receiving a windfall. *See, e.g., Allen v. Heckler, supra* note 1. This solution cannot, in actuality, be so easily applied.

The legislative history of § 406(b) indicates that its purpose was "to regulate fee arrangements between claimants and their attorneys." *Ocasio v. Schweiker, supra,* 540 F.Supp. at 1322. Congress' intent in enacting that statute

> was only to limit contingency fees, which had become inordinately large, to 25% of the award, and also to ensure that lawyers were paid their fees by providing for certification of the fees by the Secretary; awards had sometimes been made to claimants without their attorneys' knowledge and claimants had on occasion failed to notify their attorneys and pay their fees.

*Id.* (footnote omitted). The EAJA was designed, on the other hand, to "insure that individuals would not be deterred in challenging unreasonable governmental action 'because of the expense involved in securing vindication of their rights.' " *Ceglia v. Schweiker, supra* note 2, 566 F.Supp. 118, 123 n. 4 (quoting H.R.Rep. No. 96–1418). The legislative history of the EAJA further states:

> [F]ees are to be based on the *prevailing market rate for the kind and qualilty of services rendered.*
>
> \* \* \* \* \* \*
>
> In general, consistent with the above limitations, the computation of attorney's fees should be based on prevailing market rates *without reference to the fee arrangement between the attorney and client.* The fact that attorneys may be providing services at salaries or hourly rates below the standard commercial rates which attorneys might normally receive for services rendered is not relevant to the computation of compensation under the Act.
>
> In short, the award of fees is to be determined according to general professional standards.

H.R.Rep. No. 96–1418, 96th Cong., 2d Sess. 15, *reprinted in* 1980 U.S.Code Cong. & Ad.News 4953, 4994 (hereinafter "H.R. 96–1418") (emphasis added). Thus, although a plaintiff may have an agreement with his attorney for the payment of fees at *less* than the market rate or for no fee at all, courts have held that a plaintiff moving under the EAJA can recover fees *at the prevailing market rate.* *See, e.g., Ceglia v. Schweiker, supra; Chee v. Schweiker,* 563 F.Supp. 1362, 1364 (D.Ariz.1983); *Hornal v. Schweiker,* 551 F.Supp. 612, 616 (M.D.Tenn.1982). Commenting upon the portion of the EAJA's legislative history quoted on the previous page, the *Hornal* court stated that "[t]he House and Senate Reports ... make abundantly clear Congress' intent that 'incurred' *not be limited to mean only the money actually owed to attorneys.*" *Hornal v. Schweiker, supra,* 551 F.Supp. at 616. This result ensures that *pro bono* counsel and legal aid organizations receive "a strong incentive to represent indigent social security claimants."

*Ceglia v. Schweiker, supra,* 566 F.Supp. at 123.

The particular circumstances of this case highlight the unfair result which would occur should a cap of 25% of back DIB benefits be placed on EAJA awards. In cases such as this, where a plaintiff may potentially recover only a small amount of back benefits, the attorney's potential fee award could be paltry and would not nearly compensate him or her for the time and effort expended and "kind and quality of services rendered" in securing those benefits for the plaintiff. Whether the plaintiff's award is to be large or small does not and should not affect the amount of actual work performed by the attorney. If a cap based upon the amount of a plaintiff's back DIB benefits were to be imposed upon an EAJA award, this would result in the defeat of Congress' express intent to prevent claimants from being deterred from "seeking review of or defending against unreasonable governmental actions because of the expense involved in securing the vindication of their rights." H.R.Rep. 96–1418, *supra,* at 18.

 In addition, what of the cases in which an EAJA award is appropriate where the claimant recovers *Title XVI SSI* benefits? It is well settled that § 406(b) permits a fee award from the plaintiff's back benefits only in Title II DIB cases. The government argues here that because an attorney is limited to a 25% fee in DIB cases, that is also the cap on the plaintiff's EAJA award. Applying that logic to cases where only SSI benefits are recovered, the government would argue that *no* EAJA award could be made. Such a result cannot be deemed to reflect Congress' intent in enacting the EAJA. *But see Reid v. Heckler,* 735 F.2d 757 (3rd Cir.1984) (although § 406(b) is inapplicable to Title XVI benefits, the federal courts may properly direct the Secretary to pay 25% of past due SSI benefits directly to a plaintiff's attorney). Numerous courts have awarded EAJA fees in cases where the plaintiff's benefits are Title XVI benefits in whole or in part. Such considerations are certainly relevant here, where the plaintiff did obtain both DIB and SSI benefits. In any event, in any case involving an application for fees, it is the duty of the court to determine whether the hours spent and fees requested by a plaintiff's counsel are "reasonable."

 For all of these reasons, I find that in an action where a plaintiff recovers DIB and SSI benefits, a court may award reasonable attorney's fees in excess of 25% of a plaintiff's back DIB benefits.

### C. *Amount of Plaintiff's EAJA Award*

 Plaintiff originally sought an EAJA award in the amount of $1481.75, representing a fee of $75 per hour for 19¾ hours of work, including 1½ hours spent in preparation of the EAJA motion. Plaintiff subsequently amended the application to request a total EAJA award of $2268, which represents attorney's fees of $83.00 per hour (a cost-of-living increase) for 27 hours of work (now including 7¼ hours spent on the Rule 60 motion) plus costs of $27.00, as specified *supra* at 5. In reviewing plaintiff's application for fees, I find that the 19¾ hours spent in connection with plaintiff's claim on the merits and the EAJA motion are quite reasonable. However, I find that the originally requested hourly rate of $75 is adequate.

Plaintiff also seeks to recover the costs of a stenographic transcript of the December 7, 1984 hearing on the Government's Rule 60 motion, and certain local transportation costs. The EAJA provides that a prevailing party may recover the costs enumerated in 28 U.S.C. § 1920. 28 U.S.C. § 2412(a). Section 1920(2) permits costs to be taxed against the United States for "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case" (emphasis added). Although it is not clear that it was "necessary" for plaintiff to obtain this transcript, it was relied upon in plaintiff's amended application for fees (at page 8), and the government has not objected to payment of this cost. Therefore, plaintiff is entitled to receive payment for the tran-

script cost of $23.40. *See Ulrich v. Schweiker,* 548 F.Supp. 63, 65 (D.Idaho 1982) (cost of transcript permitted where government did not object). *Cf. Wax v. United States,* 183 F.Supp. 163 (E.D.N.Y. 1960) (costs of transcript allowed where transcript was required by court). Finally, although the EAJA will permit this plaintiff to recover court reporter costs, it does not permit an award of the costs of local transportation. *See, e.g., Photo Data, Inc. v. Sawyer,* 533 F.Supp. 348, 353 (D.D.C. 1982), citing *Norman v. United States,* 74 F.R.D. 637, 639 (D.Del.1977).

### D. *Counsel's Entitlement to an Award pursuant to § 406(b)*

■■■ Section 406(b) of Title 42 of the United States Code, which governs the court's ability to make a direct award of attorney's fees to plaintiff's counsel out of the plaintiff's past due DIB benefits, provides in pertinent part:

> (b)(1) Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Secretary may, notwithstanding the provisions of section 405(i) of this title, certify the amount of such fee for payment to such attorney

out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

A plaintiff and his or her counsel may simultaneously apply for awards under both EAJA and § 406(b):

> The application of both statutes in the same case does not lead to a duplication of attorney's fee awards. Attorney's fees under the Social Security Act come out of funds that would otherwise have gone to the claimant and are awarded to the claimant's attorney.... The attorney's fees provision in the Equal Access to Justice Act, on the other hand, authorizes an award against the federal government and to the claimant, not the claimant's attorney.

*Eustache v. Secretary of the Department of Health & Human Services,* 601 F.Supp. 176, 178 (E.D.N.Y.1985) (awarding plaintiff's counsel $2850 under § 406(b) and awarding plaintiff $2137.50 under the EAJA). Without belaboring this opinion further with the details descriptive of the work performed by plaintiff's counsel in connection with this case, suffice it to say that he has fulfilled the criteria which would entitle him to receive as a fee the full 25% of plaintiff's back DIB award. *See generally McKittrick v. Gardner,* 378 F.2d 872 (4th Cir.1967); *Ex Parte Duggan,* 537 F.Supp. 1198 (D.S.C.1982).[8]

---

**8.** This result, in which plaintiff is awarded attorney's fees pursuant to the EAJA and her attorney receives an award out of back benefits under § 406(b), is consistent with the recent decision of *Taylor v. Heckler,* 608 F.Supp. 1255 (D.N.J.1985). In that case Judge Sarokin directed plaintiffs' counsel, in social security cases wherein the plaintiff succeeds on the merits, to *first* seek attorney's fees from the government under EAJA, where appropriate, before seeking an award under § 406(b). The court reasoned that this procedure would prevent the occurrence of the "automatic conflict of interest" between attorney and client which § 406(b) creates in a benefits case:

> [E]ven during the course of litigation, the interests of counsel and client diverge: while the latter understandably desires the quickest

possible resolution of the matter in his or her favor, section 406(b) may encourage some counsel to prolong the matter in order to increase the size of the award from which the fee is drawn.

*Id.,* 608 F.Supp. at 1258. The court elaborated: The court believes that more frequent invocation of the EAJA will have an additional salutary effect: it will ameliorate the conflict of interest between attorney and client. If fees come from the government *and are based upon the number of hours actually worked rather than upon some statutorily-mandated-contingency percentage,* counsel will be much more likely to seek the expeditious processing of their clients' claims, rather than to be tempted to allow the amount upon which their fee is based to multiply merely by the passage of time.

*Conclusion*

For the reasons set forth above, I find that plaintiff is entitled to an award under the EAJA for attorney's fees arising from the prosecution of the merits of this case, work performed on this fee application, and for the costs of a court reporter. Calculating the amount of attorney's fees based on an hourly rate of $75 for 19 ¾ hours of work, plaintiff is awarded $1481.75 plus $23.40 in costs, or a total of $1505.15. In addition, plaintiff's counsel is awarded $922.25 pursuant to 42 U.S.C. § 406(b).

*Id.* at 1259 (emphasis added). The *Taylor* court thus required future fee applicants to first seek an award under the EAJA, or, in a § 406(b) application, to give notice to the plaintiff (1) that the client may object to the fee requested either in person or by letter and (2) either that counsel has chosen to apply for fees under § 406(b) instead of the EAJA and why, or that a prior EAJA application was denied. Since the issuance of that opinion, the procedure set forth in *Taylor* has been adopted as a Local Rule of that court.

In the instant case, plaintiff's counsel has, *a posteriori*, complied with the rule set forth in *Taylor* by applying for an EAJA award and a § 406(b) award simultaneously. Having found that the plaintiff is entitled to an EAJA award in excess of 25% of plaintiff's past due DIB benefits, the plaintiff here will actually suffer no economic loss when her counsel obtains the award due him under § 406(b).

As discussed *supra* at n. 2, it is plaintiff and not plaintiff's counsel who is technically entitled to receive an EAJA award. For the reasons stated in section B of this opinion, it is the hope of this Court that the "excess" portion of the EAJA award, *i.e.,* the amount by which the EAJA award exceeds the amount awarded to plaintiff's counsel pursuant to § 406(b), be used by plaintiff to compensate her attorney "for the kind and quality of services rendered" by him (originally quoted *supra* at 632), as intended by EAJA.

It is also relevant to note that the highlighted portion of *Taylor* quoted earlier in this footnote impliedly supports the conclusion of this Court that there is no 25% cap on EAJA awards.