Thomas O'GRADY, Plaintiff,

v.

**SECRETARY OF the UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, Defendant.**

**Rosa PIERCE, Plaintiff,**

v.

**SECRETARY OF the UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, Defendant.**

Nos. CV 78–2558, CV 85–0530.

United States District Court, E.D. New York.

June 3, 1987.

Scheine, Fusco & Brandenstein, by Victor Fusco, Hempstead, N.Y., for plaintiff.

Andrew J. Maloney, U.S. Atty. by Charles E. Knapp, Asst. U.S. Atty., Brooklyn, N.Y., for defendant.

WEXLER, District Judge.

I.

In a Memorandum and Order dated May 22, 1984, this Court reversed a final decision by the Secretary of the United States Department of Health and Human Services ("Secretary") terminating Thomas O'Grady's Social Security disability benefits, holding that the Secretary's decision was not supported by substantial evidence on the record. *O'Grady v. Heckler*, 588 F.Supp. 850 (E.D.N.Y.1984). Subsequently, in a Memorandum and Order dated March 13, 1986, the Court directed the Clerk of the Court to enter an award of attorneys fees in the amount of $1,947.00 and costs in the amount of $126.00 under § 2412 of the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, and an award of attorneys fees in the amount of $2,145.43 pursuant to 42 U.S.C. § 406(b)(1). *O'Grady v. Heckler*, 629 F.Supp. 1186 (E.D.N.Y.1986).

In a Memorandum and Order dated July 7, 1986, the Court held that the Secretary's final determination that Rosa Pierce was not under a disability as defined by the Social Security Act was not supported by substantial evidence on the record. Accordingly, the Court ordered the Clerk of the Court to enter judgment in favor of Pierce reversing the Secretary's decision and awarding disability benefits. *Pierce v.*

*Secretary of the United States Department of Health and Human Services,* No. CV 85–0530, slip op. (E.D.N.Y. July 7, 1986). By way of a stipulation between counsel for Pierce and the Secretary, which the Court "so ordered" on October 17, 1986, the parties agreed to settle Pierce's claim under EAJA for $2,800.00, without prejudice to a request for allowance of a fee pursuant to 42 U.S.C. § 406(b)(1). In an Order dated November 4, 1986, the Court concluded that Pierce's counsel should be awarded a fee under § 406(b)(1) in the amount of $500.00, to be paid out of Pierce's past due benefits. *Pierce v. Secretary of the United States Department of Health and Human Services,* No. CV 85–0530, slip op. (E.D.N.Y. November 4, 1986).

Counsel for the plaintiffs in *O'Grady* and *Pierce* has now moved, pursuant to Fed.R. Civ.P. 60(b)(6), for reconsideration of the Court's decisions fixing attorneys fees in the two cases. Counsel specifically seeks that the Court (1) reassess the fee awards made in the two cases and make separate awards under EAJA, to be paid directly to the plaintiffs, and under § 406(b)(1), to be paid directly to counsel; (2) direct the Social Security Administration ("SSA") to continue to withhold amounts set aside from benefit payments for attorneys fee awards until such time as fees, if any, are fixed for work performed in connection with administrative proceedings; (3) reassess its position on the hourly rate it generally awards counsel in Social Security cases; and (4) reassess its position that it will not enforce contingency fee agreements in Social Security cases.

## II.

Before considering the substantive merits of the arguments counsel puts forth in support of his motion, the Court must focus on the procedural context in which counsel's request for relief occurs. Initially, it should be observed that counsel's motion attempts to join together two completely separate cases that were never ordered consolidated by the Court and do not appear to be related by anything more than the facts that they both involved appeals under § 405(g) of the Social Security Act

and the same law firm represented the plaintiff in each case. Plaintiffs' counsel apparently undertook this unilateral joinder of the two cases without any notice to or authorization by the Court. Nonetheless, in the name of conservation of judicial resources, the Court will resolve the issues the motion presents with regard to *O'Grady* and *Pierce* in a single opinion.

More significantly, the Court notes that counsel has attempted to bring his motion pursuant to clause 6 of Fed.R.Civ.P. 60(b). Rule 60(b) states:

### Relief from Judgment or Order

· · · · ·

(b) *Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.* On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually

personally notified as provided in Title 28, U.S.C. § 1655, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

■ Rule 60(b)(6) is an inappropriate foundation for counsel's motion, however, for at least two reasons. First, the law is clear that relief under Rule 60(b)(6) should only be granted when the moving party has demonstrated "extraordinary circumstances" or "extreme hardship." *E.g., Klapprott v. United States,* 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266 (1949); *PRC Harris, Inc. v. Boeing Co.,* 700 F.2d 894 (2d Cir.1983), *cert. denied,* 464 U.S. 936, 104 S.Ct. 344, 78 L.Ed.2d 311 (1983); *United States v. Cirami,* 563 F.2d 26 (2d Cir.1977). Purported deficiencies in the amount of and procedures for attorneys fee awards clearly do not constitute a circumstance or hardship that cries out for the unusual remedy of the reopening of a final judgment under Rule 60(b)(6). *Cf. Klapprott,* 335 U.S. 601, 69 S.Ct. 384 (Rule 60(b)(6) motion granted when ailing, jailed indigent had defaulted in proceeding cancelling naturalization certificate); *Cirami,* 563 F.2d 26 (motion under Rule 60(b)(6) to reopen default judgment granted where defendants' attorney, who was suffering from psychological disorder, had neglected clients' business while assuring them he was attending to it and had made himself unavailable even to trial judge).

■ Second, relief can be had under clause 6 only where it is unavailable under any of the preceding five clauses of Rule 60(b). *PRC Harris,* 700 F.2d 894; *In the Matter of Emergency Beacon Corp.,* 666 F.2d 754 (2d Cir.1981); *Cirami,* 563 F.2d 26. A close examination of plaintiffs' counsel's moving papers reveals that his motion is premised in large part on the contention that the judgments counsel seeks to have reconsidered rested upon the Court's inappropriate application of the relevant attorneys fee award provisions and the decisions "could not have possibly been the result the Court intended". Memorandum in Support of Motion Pursuant to Rule 60(b)(6) for Relief from a Judgment or Order 3 ("Counsel's Memorandum"). A court's mistaken application of law has been held to fall within the purview of clause 1 of Rule 60(b). *Parks v. U.S. Life & Credit Corp.,* 677 F.2d 838 (11th Cir.), *rehearing denied,* 685 F.2d 1389 (11th Cir.1982); *International Controls Corp. v. Vesco,* 556 F.2d 665 (2d Cir.1977), *cert. denied,* 434 U.S. 1014, 98 S.Ct. 730, 54 L.Ed.2d 758 (1978); *Oliver v. Home Indemnity Co.,* 470 F.2d 329 (5th Cir.1972); *see also* 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2858.

■ Counsel for plaintiff, therefore, cannot properly base his motion upon Rule 60(b)(6). All motions for relief under Rule 60(b), however, are addressed to the Court's discretion, *e.g., Altman v. Connally,* 456 F.2d 1114 (2d Cir.1972); *United States v. Kirksey,* 631 F.Supp. 165 (S.D.N.Y.1986); *see also* 11 C. Wright & A. Miller, *supra,* at § 2857, and under the particular circumstances presented by the pending motion, the Court concludes that it would be more equitable to treat the motion as one brought pursuant to clause 1 of Rule 60(b) than to deny it outright as an improperly styled Rule 60(b)(6) motion.

■ The Court's treatment of plaintiff's counsel's motion as a Rule 60(b)(1) rather than Rule 60(b)(6) motion allows counsel to avoid a procedural obstacle that would otherwise completely bar the Court's consideration of the substantive merits of his motion. The motion, nevertheless, still runs afoul of the case law construing Rule 60(b) to the extent that counsel seeks relief from the fee award decision rendered in *O'Grady.* Courts have repeatedly stressed that Rule 60(b) is not to be employed as a substitute for a timely direct appeal of an assertedly erroneous judgment, *e.g., Parks,* 677 F.2d 838; *Schildhaus v. Moe,* 335 F.2d 529 (2d Cir.1964); *Freschi v. Grand Coal Venture,* 103 F.R.D. 606 (S.D.N.Y.1984), and have held that Rule 60(b) motions premised upon purported judicial misappli-

cations of law must be brought within the time period the moving party is given to appeal the challenged judgment, *e.g., Gary W. v. State of Louisiana,* 622 F.2d 804 (5th Cir.1980), *cert. denied,* 450 U.S. 994, 101 S.Ct. 1695, 68 L.Ed.2d 193 (1981); *International Controls,* 556 F.2d 665; *Freschi,* 103 F.R.D. 606. As the Fifth Circuit stated in *Gary W.* in affirming a district court decision denying a Rule 60(b)(1) motion brought after the time for appeal had elapsed, "[E]ven if the trial court had applied an incorrect legal standard when assessing attorney's fees, the proper way to challenge its ruling in the court of appeals is by appeal of its ruling, not by appeal of a denial of a Rule 60(b) motion." 622 F.2d at 805 (footnote and citation omitted).

Counsel for plaintiffs filed his motion seeking relief under Rule 60(b) in December 1986, less than one month after the judgment awarding attorneys fees pursuant to § 406(b)(1) in *Pierce* had been entered, but long after the sixty days 28 U.S.C. § 2107 establishes as the period in which an appeal could have been taken from the Court's decision awarding fees under EAJA and § 406(b)(1) in *O'Grady* had expired.[1] Accordingly, the motion must be denied insofar as it seeks relief from the Court's award of attorneys fees in *O'Grady.*

### III.

Having dealt with some of the procedural problems surrounding plaintiffs' counsel's motion, the Court can now turn its attention to the issue of whether it should exercise its discretion under Rule 60(b) to grant counsel any of the relief he seeks. After due consideration of the positions counsel advocates in support of his motion, the Court concludes that, with the exception of counsel's request that the Court reassess the attorneys fee awarded under § 406(b)(1) in the *Pierce* case, the relief that counsel desires should be denied.

### A.

Most of the matters that counsel raises in his motion can be quite easily resolved and do not necessitate lengthy discussion. First, as the Court has held above, the relief that counsel seeks with respect to the Court's decision regarding attorneys fees in *O'Grady* is time-barred. Second, the Court cannot properly reassess the amount to be paid by the Secretary as an attorneys fee under EAJA in the *Pierce* case since the awarded sum derives from an uncontestedly valid stipulation entered into by the parties. Third, the injunction that plaintiffs' counsel seeks that the Court enter directing the SSA to withhold a percentage of a claimant's benefits until an attorneys fee has been fixed for work performed in connection with administrative proceedings is well beyond the scope of the Court's jurisdiction on this motion: The judgment in *Pierce* (or the judgment in *O'Grady,* for that matter) from which counsel seeks relief did not in any way concern the practices of the SSA regarding the payment of attorneys fees for work performed in connection with agency proceedings and the withholding of benefits for the purpose of securing the payment of such fees; furthermore, the SSA has apparently altered its practice in such a manner as to render the challenge to its policy moot.

Fourth, the Court finds plaintiffs' counsel's request that the Court adjust the hourly rate it often awards attorneys under § 406(b)(1) to be both inappropriate and somewhat presumptuous. As counsel himself states in his moving papers, "[F]ee setting is a discretionary function within the purview of each District Court Judge. We believe each District Court Judge brings to bear his own experience in the practice of law, his view of each particular case and the lawyer's performance and that such a determination is a highly subjective one." Counsel's Memorandum at 5. The Court respectfully wishes to remind counsel that it is for the *Court* to determine the

---

**1.** 28 U.S.C. § 2107 gives all parties to a civil action in which the United States or an officer or agency of the federal government is a party sixty days from the entry of judgment to file an appeal.

fee that it deems most appropriate for an attorney to receive under § 406(b)(1), *not* for the *attorney* himself to do so, and the fact that other lawyers may have the economic leverage to charge higher fees in completely non-analogous situations for purely private contractually arranged attorney-client relationships is marginally relevant at best.

■ Fifth, the Court finds the grounds counsel sets forth in support of his request that the Court reconsider its policy of declining to enforce contingency fee agreements in Social Security cases unconvincing. The Court has consistently and repeatedly held that it will not enforce such fee arrangements by way of a § 406(b)(1) fee award, *e.g., Russo v. Heckler,* 625 F.Supp. 1513 (E.D.N.Y.1986); *Penny v. Heckler,* 623 F.Supp. 1240 (E.D.N.Y.1986), and sees no persuasive reason why it should not adhere to its firm position that:

> The Court does not consider [§ 406(b)(1) ] to be a means of enforcing a contingency fee agreement. Social Security disability claimants are frequently impoverished. Congress and the courts recognize this fact and provide several means to allow claimants to pursue their right to appeal. The EAJA and § 406(b)(1) provide a reasonable guarantee that a lawyer will collect fees if appeal is successful. In addition, this Court allows claimants to proceed pro se and receive full consideration of their cases without filing more than the initial pleading. The plaintiff who has commenced an action pro se can also submit an affidavit showing his impoverished condition and secure appointment of pro bono counsel. The Social Security claimant, then, has more means of retaining an attorney without having to pay fees until the close of litigation, if at all, than any other civil litigant. Concomitantly, private lawyers who represent these clients are assured they will receive fees on a successful case.
>
> A contingency fee agreement, therefore, is not strictly necessary. Moreover, considering that the client is often poor and a little desperate, such an agreement may be reprehensible, as it

can only serve to increase the fee award to the full twenty-five percent of benefits owing at the expense of the claimant. *Modica v. Secretary of Health and Human Services,* 581 F.Supp. 39, 40 (E.D.N.Y.1984).

*Penny,* 623 F.Supp. at 1243.

### B.

Plaintiffs' counsel's request that the Court reassess the fee it awarded under § 406(b)(1) in *Pierce* stands on more solid footing than his other requests. As counsel has intuited, the $500.00 award the Court granted pursuant to § 406(b)(1) in its November 4 Order was premised upon the Court's conclusion that counsel should receive a combined fee of $3,300.00 under EAJA and § 406(b)(1) for his work before the Court on *Pierce.* The Court therefore added a $500.00 award under § 406(b)(1) to the $2,800.00 EAJA settlement which the parties had agreed to between themselves, reducing the amount of the fee it otherwise would have awarded under § 406(b)(1) in order to avoid "double-dipping" by counsel, *i.e.,* counsel's receipt through duplicative EAJA and § 406(b)(1) awards of a sum far in excess of that to which the Court deemed him to be entitled. The Court's reduction of counsel's § 406(b)(1) fee award, however, reflected a misconception of the interplay between the two attorneys fee statutes, and seems to have led to a result as inequitable as double-dipping, albeit in the opposite direction: Counsel in fact appears ultimately to have obtained only a grand total of $500.00 for his efforts.

■ The interaction between the fee provisions applicable to Social Security cases is a bit confusing and, at least upon initial consideration, seemingly not altogether logical. EAJA and § 406(b)(1) were enacted to serve different purposes, mandate the payment of attorneys fees from different sources, and provide payment to different classes of recipients. Moreover, EAJA and § 406(b)(1) awards are not mutually exclusive; rather, a court may grant fees under both statutes for the same work on the same case. 28 U.S.C. § 2412 note.

*Soto-Valentin v. Heckler,* 619 F.Supp. 627 (E.D.N.Y.1985); *Eustache v. Secretary of Department of Health and Human Services,* 601 F.Supp. 176 (E.D.N.Y.1985); *Meyers v. Heckler,* 625 F.Supp. 228 (S.D. Ohio 1985). *But see Allen v. Heckler,* 588 F.Supp. 1247 (W.D.N.Y.1984).

The relevant section of EAJA reads:

Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).[2] Congress enacted EAJA with the goal of aiding parties who might otherwise "be deterred from seeking review of, or defending against, unreasonable governmental action because of the expense involved in securing the vindication of their rights in civil actions and in administrative proceedings." Congress intended EAJA "to diminish the deterrent effect of seeking review of, or defending against, governmental action by providing in specified situations an award of attorneys fees, expert witness fees, and other costs against the United States." 5 U.S.C. § 504 note; H.R.Rep. No. 1418, 96th Cong., 2d Sess. 18, *reprinted in* 1980 U.S. Code Cong. & Ad.News 4953, 4984. *See also Watford v. Heckler,* 765 F.2d 1562, 1566 (11th Cir.1985); *Ceglia v. Schweiker,* 566 F.Supp. 118, 123 n. 4 (E.D.N.Y.1983);

*Watkins v. Harris,* 566 F.Supp. 493, 495 (E.D.Pa.1983). Attorneys fees awarded under EAJA are assessed against the federal government, and it is the prevailing party himself, not his attorney, who is entitled to recover fees pursuant to EAJA. *Oguachuba v. Immigration and Naturalization Service,* 706 F.2d 93, 97–98 (2d Cir.1983); *Soto-Valentin,* 619 F.Supp. at 632; *Eustache,* 601 F.Supp. at 178; *Tripodi v. Heckler,* 100 F.R.D. 736, 738 (E.D.N.Y.1984).

§ 406(b)(1) provides:

Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Secretary may, notwithstanding the provisions of section 405(i) of this title, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1).[3] In contrast to the stated aims of EAJA, Congress designed § 406(b)(1) to regulate fee arrangements between claimants under the Social Security Act and their attorneys. *Soto-Valentin,* 619 F.Supp. at 632; *Ocasio v. Schweiker,* 540 F.Supp. 1320, 1322 (S.D.N.Y.1982). As Judge Weinfeld stated in *Ocasio:*

The purpose of this provision was only to limit contingency fees, which had become inordinately large, to 25% of the award,

---

**2.** 28 U.S.C. § 2412(a), the costs award subsection of EAJA referred to in § 2412(d)(1)(A), provides:

Except as otherwise specifically provided by statute, a judgment for costs, as enumerated in section 1920 of this title, but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in

any court having jurisdiction of such action. A judgment for costs when taxed against the United States shall, in an amount established by statute, court rule, or order, be limited to reimbursing in whole or in part the prevailing party for the costs incurred by such party in the litigation.

**3.** 42 U.S.C. § 405(i), which is referred to in § 406(b)(1), concerns procedures to be followed in the certification and making of payments.

and also to ensure that lawyers were paid their fees by providing for certification of the fees by the Secretary; awards had sometimes been made to claimants without their attorneys' knowledge and claimants had on occasion failed to notify their attorneys and pay their fees.

540 F.Supp. at 1322 (*citing* S.Rep. No. 404, 89th Cong., 1st Sess. 422, *reprinted in* 1965 U.S.Code Cong. & Ad.News 1943, 2062, Hearings on H.R. 6675 Before the Sen. Comm. on Finance, 89th Cong., 1st Sess., 512–13 (1965), and *Dawson v. Finch,* 425 F.2d 1192, 1194 (5th Cir.), *cert. denied,* 400 U.S. 830, 953, 91 S.Ct. 60, 233, 27 L.Ed.2d 60, 261 (1970)); *see also Watford,* 765 F.2d at 1566–67; *Guthrie v. Schweiker,* 718 F.2d 104, 107–08 n. 9 (4th Cir.1983); *Losco v. Bowen,* 638 F.Supp. 1262, 1264 (S.D.N.Y.1986); *Soto-Valentin,* 619 F.Supp. at 632. § 406(b)(1) fee awards are paid not by the government to a successful litigant but directly out of the plaintiff's past due benefits to his attorney. *Soto-Valentin,* 619 F.Supp. at 634; *Eustache,* 601 F.Supp. at 178; *Ocasio,* 540 F.Supp. at 1321.

■ EAJA and § 406(b)(1), therefore, have little in common except that they both provide for an award of attorneys fees in certain situations and they both can be called into play in Social Security litigation. Courts are thus confronted with situations in which a single case generates apparently parallel fee petitions under two different statutes based upon the performance of the same work. This system, however, while clearly not ideal or entirely sensible, is not completely without justification. EAJA attempts to make a successful litigant whole by requiring that he be reimbursed out of the public fisc for legal expenses he may have incurred in the process of vindicating his legal rights. Whether that litigant actually turns over any portion of an EAJA award to counsel who has represented him is generally a question of the private arrangement, contractual or otherwise, between the party and his attorney. *See e.g., Oguachuba,* 706 F.2d 93, 97 ("[w]hether an award of attorneys' fees under [EAJA] ultimately redounds to the benefit of counsel depends upon the private contractual arrangements between the attorney and the client"); *Ceglia,* 566 F.Supp. 118 (award under EAJA not limited to where plaintiff necessarily liable to counsel for fees; EAJA fees to be computed without reference to actual fee arrangements between attorney and client); *Watkins,* 566 F.Supp. 493 (same). § 406(b)(1), on the other hand, controls the actual payment of fees by a claimant obtaining Social Security benefits after litigation to the lawyer who represented him by allowing a certain sum to be taken out of the claimant's past due benefits and turned over to the attorney as compensation for his services. EAJA and § 406(b)(1) thus each work in Social Security cases to serve separate but undeniably valid objectives.

There is, of course, nothing inherently misleading about the fact that more than one attorneys fee provision may be applicable to a certain category of lawsuits. The confusion stems, rather, from an apparently common misunderstanding, *see, e.g., Losco,* 638 F.Supp. 1262; *Allen,* 588 F.Supp. 1247, as to the actual manner in which EAJA and § 406(b)(1) function: One is apt to assume that awards under both attorneys fee provisions necessarily result in payments to a party's lawyer. Based upon this inaccurate assumption, a court might decide, as this Court did in *Pierce,* to reduce an award under either EAJA or § 406(b)(1) in light of a previous or concurrent EAJA or § 406(b)(1) award in an effort to prevent double-dipping by an attorney.

As the Court noted above, however, EAJA awards are paid to prevailing parties themselves, not their attorneys, and attorneys may in given cases never actually obtain any monies made available as a result of EAJA awards. Moreover, in its 1985 amendments to EAJA, Congress recognized the potential for double-dipping and acted so as to prevent it. EAJA § 206, as amended, reads:

(a) Except as provided in subsection (b), nothing in section 2412(d) of title 28, United States Code .... alters, modifies, repeals, invalidates, or supercedes any other provision of Federal law which au-

thorizes an award of such fees and other expenses to any party other than the United States that prevails in any civil action brought by or against the United States.

(b) Section 206(b) of the Social Security Act (42 U.S.C. § 406(b)(1)) shall not prevent an award of fees and other expenses under Section 2412(d) of title 28, United States Code. Section 206(b)(2) [42 U.S.C. § 406(b)(2)] of the Social Security Act shall not apply with respect to any such award but only if, where the claimant's attorney receives fees for the same work under both section 206(b) of that Act and section 2412(d) of title 28, United States Code, the claimant's attorney refunds to the claimant the amount of the smaller fee.

28 U.S.C. § 2412 note.[4]

The House Report accompanying the 1985 amendments sets forth explicitly and at some length the concerns that underlay Congress' modification of the then-existing EAJA § 206 and the results Congress intended the changes to effectuate:

....

Section 3 amends section 206 of the Social Security Act to provide that the existence of an attorney fee provision in the Social Security Act shall not prevent the award of fees under EAJA. In addition, section 206(b) of the Social Security Act is amended to provide that eligibility for fees under that Act section 206(b)(2) shall not apply but only if—where the claimant's attorney receives fees under both the Social Security Act and EAJA— the attorney refunds to the claimant the amount of the smaller fee.

It is the Committee's intent that when fee awards are made in Social Security or SSI cases under the EAJA, and provision is also allowed under the Social Security Act for recovery of attorney fees of up to 25% of the claimant's benefits, that the EAJA award should be used as a set

off to reduce the payment which the claimant would otherwise owe the attorney. Thus, under the amendment an attorney for a Social Security or SSI claimant would be precluded from receiving both EAJA and Social Security Act fees. Without this amendment it was argued, "double dipping" was possible. Such double payments are inappropriate and deprives [sic] the plaintiff of the benefits intended by EAJA. Because the Committee is aware of the important function served by counsel in these cases, the Committee permits the attorney to seek recovery under both authorizations. The attorney, however, may keep the larger fee, but must return the amount of the smaller fee to the claimant.

....

H.R.Rep. No. 120, 99th Cong., 1st Sess. 19–20, *reprinted in* 1985 U.S.Code Cong. & Ad.News 132, 148–49. *See also Weakley v. Bowen,* 803 F.2d 575, 580 (10th Cir.1986); *Meyers,* 625 F.Supp. at 231–32 n. 4. *Cf. Watford,* 765 F.2d at 1566 n. 5; *Guthrie,* 718 F.2d at 108 n. 11.

The Court's reduction in *Pierce* of counsel's fee award under § 406(b)(1) in light of the stipulated EAJA award was therefore unnecessary to prevent the double-dipping with which the Court was concerned. Furthermore, assuming counsel found himself in a position where he never actually received any of the monies paid to Pierce as an attorneys fee award under EAJA due to the nature of his attorney-client relationship with Pierce or to some other legal or practical obstacle, the end result of the Court's reduction of the § 406(b)(1) award would have been counsel's receipt of a total fee of only $500.00, rather than the $3,300.00 to which the Court concluded he was entitled.

Reductions of § 406(b)(1) awards due to the fact that fees under EAJA have already or also been granted may additional-

---

**4.** § 206(b)(2) of the Social Security Act, 42 U.S.C. § 406(b)(2), states:

 Any attorney who charges, demands, receives, or collects for services rendered in connection with proceedings before a court to which paragraph (1) of this subsection is ap-

plicable any amount in excess of that allowed by the court thereunder shall be guilty of a misdemeanor and upon conviction thereof shall be subject to a fine of not more than $500, or imprisonment for not more than one year, or both.

ly result over time in an outcome directly contrary to that intended by Congress in its 1985 amendments to EAJA. An attorney who realizes that a court's assessment of attorneys fees against the federal government under EAJA may cause the court to reduce the attorney's § 406(b)(1) fee award may well decide for reasons of self-interest simply not to apply for a fee under EAJA. The net result of a decision not to apply for an EAJA award that might otherwise have been awarded, of course, is that funds that a successful Social Security claimant might have received will now go to pay for the attorney who represented him. Such a result is completely at odds with Congress' desire that the claimant himself be the primary beneficiary of attorneys fee awards in Social Security cases. *See* H.R. Rep. No. 120, 99th Cong., 1st Sess. 19, *reprinted in* 1985 U.S.Code Cong. & Ad. News 132, 148.[5]

 Accordingly, the Court will grant plaintiffs' counsel's request that it modify the attorneys fee award it granted counsel under § 406(b)(1) for his work on the *Pierce* case in its November 4, 1986 Order. In light of all of the circumstances surrounding *Pierce*, the Court now holds that plaintiffs' counsel should be awarded a fee under § 406(b) in the amount of $3,300.00.

## IV.

For the reasons set forth throughout this opinion, plaintiffs' counsel's motion for reconsideration of the Court's decisions fixing attorneys fees in *O'Grady* and *Pierce* is denied except insofar as it seeks that the Court reassess the attorneys fee it awarded in its November 4, 1986 Order in *Pierce* pursuant to 42 U.S.C. § 406(b)(1). The Court's November 4, 1986 Order is hereby rescinded, and the Court holds that plaintiffs' counsel should be awarded a fee under § 406(b)(1) in the amount of $3,300.00. Counsel shall pay to Pierce any monies EAJA § 206(b) requires be refunded.

The Clerk of the Court is to enter judgment accordingly.

SO ORDERED.

5. The *Pierce* case itself can serve as an example of the effect on both attorneys and claimants of different awards under EAJA and § 406(b)(1). If the Court were to award $2,800.00 under EAJA and $3,300.00 under § 406(b)(1), the total monies Pierce would receive would be the amount of her benefits minus $500.00: If Pierce were to turn over the $2,800.00 EAJA award to her counsel, counsel would then have to pay back to Pierce all but the $500.00 difference between the amounts awarded under the two statutes upon his receipt of the $3,300.00 § 406(b)(1) award deducted from Pierce's past due benefits; if, on the other hand, Pierce were to decide to keep the EAJA money as a windfall, her attorney could keep the full § 406(b)(1) amount. In either case Pierce would ultimately have obtained the same sum of money and her counsel would have received a total of $3,300.00 as compensation for his services.

If the Court were to reduce the § 406(b)(1) award to $500.00 in light of the EAJA award, then, assuming Pierce were to turn over the EAJA award to her attorney, she would end up with the full amount of her benefits (counsel would be required to turn the $500.00

§ 406(b)(1) award, which would be taken out of Pierce's past due benefits, over to Pierce as the smaller of the two fees awarded), while counsel would receive only $2,800.00 as a fee. Assuming Pierce were not to turn over the EAJA money to her lawyer, she would get a $2,300.00 windfall ($2,800.00 minus the $500.00 paid out of her benefits under § 406(b)(1)) and her attorney would obtain a mere $500.00.

If no motion for an EAJA award were ever to be filed, Pierce would end up paying the full amount of her counsel's $3,300.00 fee out of her past due benefits.

It is worthy of note that, in an attempt to minimize conflicts of interest between attorneys and their clients regarding awards of fees in Social Security cases, one court has gone so far as to *require* that attorneys file motions for EAJA awards on behalf of their clients in cases where EAJA applies at the risk of the reduction of any award to the attorney under § 406(b)(1). *Taylor v. Heckler,* 608 F.Supp. 1255 (D.N.J. 1985); *see also Losco,* 638 F.Supp. 1262 (discussing *Taylor* with approval); *Soto-Valentin,* 619 F.Supp. 627 (same).