Willie L. WATFORD, Plaintiff-Appellant,

v.

Margaret M. HECKLER, Secretary of Health and Human Services, Defendant-Appellee.

Jimmie Lee SCOTT, Plaintiff-Appellant,

v.

Margaret M. HECKLER, Secretary of Health and Human Services, Defendant-Appellee.

Nos. 84–7829, 84–7830.

United States Court of Appeals, Eleventh Circuit.

July 23, 1985.

Certiorari Denied July 1, 1985.
See 105 S.Ct. 3531.

D. Broward Segrest, Calvin C. Pryor, Asst. U.S. Attys., Montgomery, Ala., for defendant-appellee.

Lawrence F. Gardella, Legal Services Corp. of Alabama, Montgomery, Ala., William Z. Messer, Legal Services Corp. of Alabama, Phenix City, Ala., for plaintiffs-appellants.

Before VANCE and HATCHETT, Circuit Judges, and LYNNE *, District Judge.

LYNNE, District Judge:

These consolidated appeals[1] present a question of first impression in this Circuit concerning the interplay between the standards for an award of attorneys' fees against the federal government as litigant under the Equal Access to Justice Act

("EAJA"), 28 U.S.C. § 2412(d), and the limitations on the amount of contingent fees recoverable by the plaintiffs' attorneys from their clients in a claim for past-due Social Security disability benefits under 42 U.S.C. § 406(b)(1). Because we find that the court below erred in utilizing 42 U.S.C. § 406(b)(1) as a ceiling on the amounts of attorneys' fees to be awarded against the government in these Social Security cases, we vacate the orders of the lower court and remand with instructions.

## FACTS AND PROCEEDINGS BELOW

The facts which form the predicate of these appeals may be briefly stated. Each appellant was a prevailing plaintiff in the district court in an action challenging a decision of the Secretary of Health and Human Services ("Secretary" or "appellee"). In appellant Watford's case, the Secretary's decision had terminated Watford's disability benefits under the Supplemental Security Income ("SSI") program. In appellant Scott's case, the Secretary's decision terminated disability benefits Ms. Scott had been receiving under the SSI program as well as the Social Security program. Each plaintiff was represented by an attorney from the Legal Services Corporation of Alabama. In each action, the district court concluded that the Secretary's position lacked a reasonable basis in law or fact, and therefore determined that each plaintiff was entitled to an award of attorneys' fees pursuant to the EAJA, which provides in pertinent part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action (other than cases sounding in tort) brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was sub-

---

* Honorable Seybourn H. Lynne, U.S. District Judge for the Northern District of Alabama, sitting by designation.

1. The two cases involved here were consolidated for purposes of appeal only.

stantially justified or that special circumstances make an award unjust.

29 U.S.C. § 2412(d)(1)(A).[2]

Having determined that each plaintiff was entitled to an award of attorneys' fees pursuant to § 2412(d)(1)(A), the district court proceeded to fix the amount of the fee award. In doing so, the court first analyzed each of the factors listed in *Johnson v. Georgia Highway Express,* 488 F.2d 714 (5th Cir.1974).[3] In light of the *Johnson* factors, the court determined that in the *Watford* case, plaintiff's counsel would normally "be entitled to be compensated for 11.9 hours at the rate of $55.00 per hour for a total of $654.50." (Record Excerpts at 28), and in the *Scott* case, that plaintiff's counsel would normally "be entitled to be compensated for 8 hours at the rate of $75.00 per hour for a total of $600.00." (Record Excerpts at 11). In each case, however, the district court decided that a ceiling should be placed upon the award in light of the following provision of the Social Security Act:

(1) Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Secretary may, notwithstanding the provisions of section 405(i) of this title, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

(2) Any attorney who charges, demands, receives, or collects for services rendered in connection with proceedings before a court to which paragraph (1) of this subsection is applicable any amount in excess of that allowed by the court thereunder shall be guilty of a misdemeanor and upon conviction thereof shall be subject to a fine of not more than $500, or imprisonment for not more than one year, or both.

42 U.S.C. § 406(b).

In each of the cases *sub judice* the district court held that the fee award previously determined under the *Johnson* analysis should be limited in light of 42 U.S.C. § 406(b). Thus, in *Watford* the court stated as follows:

After examining plaintiff's attorney's application for fees in light of the *Johnson* factors, the Court concludes that plaintiff's counsel would be entitled to be compensated for 11.9 hours at the rate of $55.00 per hour for a total of $654.50. However, the Court believes that the fee award should not exceed the maximum amount that a private attorney could have received under the Social Security Act, which provides for awards up to "25 percent of the total of past-due benefits." 42 U.S.C. § 406(b)(1).

. . . . .

It is the Court's understanding that $654.50 may exceed 25 percent of the past-due benefits, but the precise amount of the back award is as yet unavailable. Thus, the Court finds that plaintiff is entitled to an award of attorney's fees to be paid to her attorney equal to $654.50 or 25 percent of the past-due benefits, whichever is less.

(Record Excerpts at 28–29). Using precisely the same analysis in *Scott,* the district

---

**2.** 28 U.S.C. § 2412(d) expired by its own terms pursuant to Pub.L. 96–481 § 204(c), but remains effective with respect to actions commenced prior to October 1, 1984. Thus, it remains applicable to the cases at hand.

**3.** Although *Johnson v. Georgia Highway Express* involved the setting of an attorneys' fee award under Title VII, it is recognized as a broad precedent which is generally applicable in other

fee-setting contexts. *Jones v. Central Soya Co., Inc.,* 748 F.2d 586, 588–89, n. 1 (11th Cir.1984). *See also Varner v. Century Finance Co.,* 738 F.2d 1143, 1148, n. 7 (11th Cir.1984) (applying *Johnson* in context of Truth-in-Lending action); *Rainey v. Jackson State College,* 551 F.2d 672 (5th Cir.1977) (Civil Rights); *Phillips v. Heckler,* 574 F.Supp. 870 (W.D.N.C.1983) (Social Security case).

court found that the plaintiff's attorney in that case was "entitled to an award of attorney's fees to be paid to her attorney equal to $600.00 or 25 percent of her past-due benefits, whichever is less." (Record Excerpts at 12).

From these rulings, the plaintiffs appeal, contending that the district court erred in utilizing 42 U.S.C. § 406(b) as a limit upon the amounts otherwise recoverable under the EAJA.

## DISCUSSION

■ It is settled that § 406(b) of the Social Security Act is not a statute "specifically providing" for an award of attorneys' fees *against the government* so as to preclude application of the EAJA altogether under the first clause of 28 U.S.C. § 2412(d).[4] Section 406(b) provides for the discretionary award of attorneys' fees out of (and not in addition to) the past-due benefits recovered by a successful claimant in a Social Security action. In other words, it essentially provides for contingent fees to be charged *to the client*, with the amount to be set by the district court subject to a statutory maximum. *See Wolverton v. Heckler*, 726 F.2d 580, 582 (9th Cir. 1984) (Section 406(b) does not provide for fee-shifting, but "specifies only a limitation on the amount that a claimant must pay toward lawyers' fees"). *Accord, Cornella v. Schweiker*, 728 F.2d 978 (8th Cir.1984); *Guthrie v. Schweiker*, 718 F.2d 104 (4th Cir.1983). Section 406(b) does not provide for nor purport to prohibit an award of attorneys' fees *against the government*, and the courts have invariably concluded that in Social Security cases Section 406(b) does not preclude the award of attorneys' fees against the government pursuant to the EAJA.[5] *Wolverton v. Heckler*, 726

F.2d at 582; *Cornella v. Schweiker*, 728 F.2d at 987; *Guthrie v. Schweiker*, 718 F.2d at 104. *Accord, Smith v. Heckler*, 739 F.2d 144, 147 (4th Cir.1984); *Tant v. Heckler*, 577 F.Supp. 448 (N.D.Ga.1983); *Watkins v. Harris*, 566 F.Supp. 493 (E.D. Pa.1983); *Ocasio v. Schweiker*, 540 F.Supp. 1320 (S.D.N.Y.1982).

■ Therefore, the question becomes this: does Section 406(b) of the Social Security Act directly or indirectly place a ceiling on the *amount* of attorneys' fees that may be awarded against the government (pursuant to the EAJA) in Social Security cases? In view of the purposes and legislative histories of the two acts, as well as their express language, the answer would seem to be no. As already noted, the express language of Section 406(b) makes no reference to any limitation on the amount of fees to be awarded *against the government* in a proper case. Nor can any limit be gleaned from the express purposes of the two acts. The purpose of the EAJA was to alleviate economic deterrents to contesting unreasonable government action by shifting the burden of attorneys' fees from the private litigant *to the government* where the government's position is substantially unjustified. *See* H.R.Rep. No. 96–1418, 96th Cong.2d Sess. (1980), *reprinted in* 1980 *U.S.Code Cong. & Ad. News* 4984. The purposes of 42 U.S.C. § 406(b), on the other hand, were (1) to limit the size of contingency fees *payable by the client*, Congress believing that contingent fee arrangements in Social Security cases often resulted in an inordinate deprivation of benefits otherwise payable to the client, and (2) to ensure that attorneys would receive some fees for their representation. *See* S.Rep. No. 404, 89th Cong., 1st Sess. 422 (1965), *reprinted in* 1965 *U.S. Code Cong. & Ad.News* 1943, 2062. *See*

---

**4.** The Secretary does not dispute the fact that the EAJA is applicable to Social Security cases. *See* Brief of Appellee at 12.

**5.** It is worth noting here that in drafting the EAJA, Congress explicitly rejected a proposal to exclude Social Security cases from the ambit of the act, deciding instead to hold the government to the same standards in Social Security actions as in other litigation. *See* H.R.Rep. No. 96–

1418, 96th Cong., 2d Sess. (1980), *reprinted in* 1980 *U.S.Code Cong. & Adm.News*, 4953, 4984, 4991. Of course, no "double recovery" is permitted, and any award received by the claimant's counsel under the EAJA for work done in court must be used to reimburse the claimant up to any amount previously awarded under 42 U.S.C. § 406(b)(1) for counsel's services in court. *See Guthrie v. Schweiker*, 718 F.2d at 108, n. 11.

*also Guthrie v. Schweiker,* 718 F.2d at 107, n. 9; *Watkins v. Harris,* 566 F.Supp. at 495–96; *Ocasio v. Schweiker,* 540 F.Supp. at 1322. Consequently, allowing fee awards *against the government* in Social Security cases in amounts greater than 25 percent of a claimant's past-due benefits would not be contrary to the letter or the spirit of 42 U.S.C. § 406(b). To the extent the district court's decision is based on a contrary construction of 42 U.S.C. § 406(b), the district court erred as a matter of law. That provision alone neither expressly nor impliedly limits the amounts properly to be awarded under the EAJA.

■ Thus, if any such limitation exists, it must arise from some principle extraneous to the express language and purposes of the two acts. In relying upon § 406(b) as a measure of the maximum fees to be awarded in the cases *sub judice,* the district court apparently acted on the belief that since private attorneys [6] could extract from a claimant no more than 25 percent of the past-due benefits recovered in ordinary litigation, it would be an unjust windfall to award any greater amount as attorneys' fees *against the government* even when the government's position was unjustified. A point similar to this was made in *Johnson v. Georgia Highway Express,* where it was said generally that "[i]n no event should the litigant be awarded a fee greater than he is contractually bound to pay, if indeed the attorneys have contracted as to amount." 488 F.2d at 718. Apparently, the district court, recognizing that fee awards are generally intended to be simply a make-whole remedy and not a penalty, operated from the premise that attorneys' fee awards against the government in So-

cial Security cases should not exceed the maximum an attorney could legally charge his client.

However compelling this argument may be in other contexts, it is not very persuasive insofar as the EAJA is concerned. The EAJA expressly provides:

> .... [t]he amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that ... attorneys' fees shall not be awarded in excess of $75 per hour unless ... a special factor ... justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A). In explaining this provision, the House Committee on the Judiciary stated:

> The definition establishes that fees are to be based on the prevailing market rates for the kind and quality of services rendered.... In general, ... the computation of attorney fees should be based on prevailing market rates *without reference to the fee arrangements between the attorney and client. The fact that attorneys may be providing services at salaries below the standard commercial rates which attorneys might normally receive for services rendered is not relevant to the computation of compensation under the Act.* In short, the award of fees is to be determined according to general professional standards.

H.R.Rep. No. 96–1418, *supra,* at 4993–4994 (emphasis supplied). Thus, the fact that attorneys may recover from their clients no more than 25 percent of the clients past-due benefits does not limit the amounts to be awarded under the EAJA.[7] *Cf. Cornel-*

---

**6.** Although the claimants' attorneys in these cases were employed by the Legal Services Corporation of Alabama and charged the claimants no fee, it is well-settled that, in light of the act's legislative history and for reasons of public policy, plaintiffs who are represented without charge are not generally precluded from an award of attorneys' fees under the EAJA. *See, e.g., Cornella v. Schweiker,* 728 F.2d 978, 986–87 (8th Cir.1984); *Ceglia v. Schweiker,* 566 F.Supp. 118, 123 (E.D.N.Y.1983); *Jones v. Schweiker,* 565 F.Supp. 52, 55 (W.D.Mich.1983); *Chee v. Schweiker,* 563 F.Supp. 1362, 1364 (D.Ariz. 1983); *Ward v. Schweiker,* 562 F.Supp. 1173,

1175 (W.D.Mo.1983); *Kauffman v. Schweiker,* 559 F.Supp. 372, 373–75 (M.D.Pa.1983); *Hornal v. Schweiker,* 551 F.Supp. 612, 616 (M.D.Tenn. 1982); *Ocasio v. Schweiker,* 540 F.Supp. 1320, 1322–23 (S.D.N.Y.1982).

**7.** The Fourth Circuit evidently agrees, for it has held that "[a]ny award received by [claimant's] counsel under the EAJA for work in court ..., must be used to reimburse [claimant] *up to* the amount awarded under 42 U.S.C. § 406(b)(1)...." *Guthrie v. Schweiker,* 718 F.2d 104, 108, n. 11 (4th Cir.1983) (emphasis supplied). Thus, the Fourth Circuit has implic-

la v. Schweiker, 728 F.2d 978, 986–87 (8th Cir.1984) (using same rationale to justify award of attorneys' fees to Social Security claimant represented by *pro bono* counsel); *Jones v. Schweiker*, 565 F.Supp. 52, 55 (W.D.Mich.1983) (*accord*); *Hornal v. Schweiker*, 551 F.Supp. 612, 616 (M.D. Tenn.1982) (*accord*); *Kauffman v. Schweiker*, 559 F.Supp. 372, 373–75 (M.D. Pa.1983) (*accord*). Congress has manifested an explicit intent that the EAJA allow for a fee award against the government which might exceed the amounts due the attorney from his client. Congress certainly has the power to enact such legislation.

■ There is a related argument which should be addressed here. Since fees to be awarded under the EAJA are to be "based upon prevailing market rates for the kind and quality of the services furnished," 28 U.S.C. § 2412(d)(2)(A), there is an argument (albeit somewhat circular) that, in light of 42 U.S.C. § 406(b), the "prevailing market rates" *for Social Security cases* cannot be in excess of 25 percent of the claimant's past-due benefits. This argument is also without merit. The statute speaks of the "kind and quality of the services" furnished by the lawyer, not of the statute under which suit is brought. *Id.* (emphasis supplied). This language tracks that of *Johnson v. Georgia Highway Express*, which provides that fee awards should be based upon the "customary fee for similar work in the community." 488 F.2d at 718. In applying this language from *Johnson* in the context of other fee-shifting statutes, the Eleventh Circuit has held that the amount of attorneys' fees must be determined according to rates customarily charged for similarly

complex litigation, and is not to be limited by the amounts customarily charged in actions brought under the same statute. *See Varner v. Century Finance Co.*, 738 F.2d 1143 (11th Cir.1984).[8] We hold that the same rule must be followed in setting a fee under the EAJA.

■ Finally, the Secretary argues that even if Section 406(b) does not implicitly limit the amount of fees properly awarded under the EAJA, the district court's award was nevertheless justified because the lower court has broad discretion and is entitled to consider the relatively small amount involved in the suit when calculating the fee. The district court invoked this same argument in denying a motion by Ms. Scott to amend the judgment awarding attorneys' fees. While this argument is generally correct in the abstract, it has little application here. As the Supreme Court has noted, "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). *Accord, Jones v. Central Soya Co., Inc.*, 748 F.2d 586, 589, n. 3 (11th Cir.1984); *Copper Liquor, Inc. v. Adolph Coors Co.*, 624 F.2d 575, 583 (5th Cir.1980). The other factors listed in *Johnson*, however, must generally be considered to determine if this "base rate" should be adjusted upward or downward. *Hensley v. Eckerhart*, 461 U.S. at 433–34, n. 7, 103 S.Ct. at 1939, n. 7; *Jones v. Central Soya Co., Inc.*, 748 F.2d at 588–89, n. 1; *Varner v. Century Finance Co.*, 738 F.2d at 1148. One of those other factors is

itly recognized that the amount of attorneys' fees properly awarded under the EAJA in Social Security cases is not limited by 42 U.S.C. § 406(b).

**8.** In *Varner,* the lower court had computed the amount of an attorneys' fee award due under the Truth-in-Lending Act, 15 U.S.C. § 1640(a)(3), only by reference to rates charged in other Truth-in-Lending actions. In reversing, the Eleventh Circuit (per Judge Vance) held this to be an abuse of discretion:

In computing the base rate, the district court refused to consider rates other than

those customarily charged for Truth-in-Lending cases in the northern district of Georgia. We agree that this constitutes error. Under *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974), the award must be based on customary fees in cases of like difficulty, *id.* at 718, whether or not such cases involve Truth-in-Lending violations ... We remand each award for reconsideration of the base rate in light of prevailing fees for cases of similar complexity generally.

738 F.2d at 1148–49.

"the amount involved and the results obtained." 488 F.2d at 718. However, in assigning weight to the other factors, "[n]o one *Johnson* criterion should be stressed to the neglect of others." *Jones v. Diamond,* 636 F.2d 1364, 1382 (5th Cir.1981) (*en banc*), *cert. dismissed* 453 U.S. 950, 102 S.Ct. 27, 69 L.Ed.2d 1033 (1981). Although the amount involved is generally a factor to be considered, a fee award may not be limited to a "modest proportion of the total monetary recovery" or even to "the [total] amount recovered." *Harkless v. Sweeny Independent School District,* 608 F.2d 594, 598 (5th Cir.1979). *Accord Reneau v. Mossy Motors,* 622 F.2d 192, 196 (5th Cir.1980). The lower court plainly followed the forbidden path, and this constitutes an abuse of discretion.

 It should be stressed that in these cases, the claimants apparently obtained precisely the relief they sought from the outset. In other words, the "results obtained" amounted to complete success. In these circumstances, a fully compensatory award based upon all hours reasonably expended on the litigation is normally appropriate. *Compare Hensley v. Eckerhart,* 461 U.S. at 434–35, 440, 103 S.Ct. at 1939–40, 1943. Moreover, it would seem particularly inappropriate to rely too heavily on the "amounts involved" in reducing

an otherwise reasonable fee when dealing with a statute that *expressly* requires adherence to "the prevailing market rates for the kind and quality of services involved," and does not on its face allow the fee to be limited based upon the amount involved.[9] *See* 28 U.S.C. § 2412(d)(2)(A). *Cf. Harkless v. Sweeny Independent School District,* 608 F.2d at 598. Indeed, to severely limit the amount of otherwise reasonable attorneys' fees simply because the monetary amounts involved are relatively small would seem to thwart the very purpose of the EAJA—to eliminate economic deterrents to challenging unjustified government action and to correct inequities arising from the great disparity in resources between the government and private litigants. *See Gross v. Schweiker,* 563 F.Supp. 260, 261 (N.D.Ind.1983).[10]

## CONCLUSION

 Whether analyzed in terms of an abuse of discretion or an error of law,[11] the district court erred in limiting the amount of attorneys' fees in each of these cases to 25 percent of the claimant's past-due benefits. We therefore vacate those portions of the lower court's orders which impose such a limit on the fee awarded in each case, and remand the case for entry of an order in

9. In light of the fairly specific language of the EAJA and its even more specific legislative history, *see* H.R.Rep. No. 96–1418, *supra,* it is debatable whether Congress intended to authorize a substantial downward adjustment of a fee award based on the amounts involved in the suit. In fact, one of the main objectives in passing the act was to make it economically feasible for private litigants to retain attorneys and challenge unjustified government action even "[w]hen the cost of contesting a Government order ... exceeds the amount at stake...." H.R.Rep. No. 96–1418, *supra,* at 4988.

10. To the extent that the "amount involved" is properly considered in setting a fee under the EAJA, the district court must consider the prospective monetary effects of the litigation as well as the retroactive effects. In these cases, the district court focused solely on the amount of past-due benefits involved.

11. Normally, the standard of review in cases involving awards of attorneys' fees is whether the district court abused its discretion. *Johnson*

*v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974). In the instant case, however, the appellants do not challenge the district court's initial determination of what fee is reasonable in light of the *Johnson* factors. Rather, the primary question is whether the district court erred in relying upon 42 U.S.C. § 406(b) to limit the amount of fees previously determined to be reasonable and proper under the *Johnson* analysis. The district court's opinion is somewhat ambiguous as to whether § 406(b) was viewed as a mandatory limit upon the award of attorneys' fees under the EAJA, or simply as a discretionary guide. However, the point is academic, for we conclude that to the extent § 406(b) was viewed as a mandatory limit on EAJA awards, the district court erred as a matter of law, and to the extent that § 406(b) was viewed as a discretionary guide, the district court abused its discretion. The limits imposed by § 406(b) are not properly considered in awarding fees under the EAJA, for the two statutes have totally unrelated functions and purposes.

each case awarding the amounts initially determined to be reasonable by the district court. Thus, in *Watford,* the court shall award attorneys' fees in the amount of $654.50. In *Scott,* the court shall award attorneys' fees in the amount of $600.00.[12] We have not addressed the question of the plaintiffs' entitlement to further amounts under the EAJA for the services of their attorneys in connection with this appeal, a question which will be left to the determination of the district court on remand.

The decisions below are hereby VACATED and REMANDED with instructions.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

12. We stress that these figures are derived from the district court's own calculation of the amounts properly due to be awarded under the EAJA, which the district court then erroneously reduced in light of 42 U.S.C. § 406(b). The plaintiffs have not challenged the reasonableness of the court's initial calculations, but only the propriety of the subsequent reductions.