**Robert SECATORE, Plaintiff,**

v.

**Otis BOWEN, M.D., Secretary of the Department of Health and Human Services, Defendant.**

**No. 88–10088–CIV.**

United States District Court, S.D. Florida.

March 20, 1990.

Alan Dagen, Asst. U.S. Atty., Miami, Fla., for defendant.

Luis A. Segarra, Hato Rey, P.R., for plaintiff.

## ORDER AWARDING ATTORNEY'S FEES

JAMES LAWRENCE KING, Chief Judge.

This cause comes before the court on motion of plaintiff's counsel, Luis A. Segarra, Esq., for an award of attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) (1985) (as amended), and the Social Security Act's attorney fees provisions, 42 U.S.C. § 406(b). The motion raises the question of whether the court may award fees to an attorney in a particular case under both the EAJA and the Social Security Act (42 U.S.C. § 406(b)). For reasons that will become apparent, the court will award Mr. Segarra fees under the EAJA only.

■ Through the EAJA, Congress sought to ensure that persons would not " 'be deterred from seeking review of, or defending against, unreasonable governmental action because of the expense involved in securing the vindication of their rights.' " *Sullivan v. Hudson,* —— U.S.

——, 109 S.Ct. 2248, 2253, 104 L.Ed.2d 941 (1989) (quoting 94 Stat. 2325). The EAJA itself makes clear that

> [e]xcept as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action ... including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Courts may award fees under the EAJA for those portions of an action which transpire before the Secretary of Health and Human Services, where the federal court has retained jurisdiction over the action. *See Sullivan v. Hudson,* —— U.S. ——, 109 S.Ct. 2248, 104 L.Ed.2d 941 (1989).[1] The EAJA requires the Government to fully compensate plaintiff's counsel for all work done in connection with representation in Social Security cases, where the above-mentioned conditions are met (most importantly, that the position of the U.S. in the case was not substantially justified). *See id.*

■ The Social Security Act enumerates that plaintiff's counsel before the Secretary of Health and Human Services will receive a portion of plaintiff's recovery as his fee. *See* 42 U.S.C. § 406(b). Specifically, 42 U.S.C. § 406(b) calculates that

> [w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Secretary may, notwithstanding the provisions of section 405(i)

---

1. The court's specific order of remand for further proceedings in this case makes clear that the court retained jurisdiction on remand.

of this title, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

The Social Security Act limits the amount of fees which an attorney may recover from a claimant in actions before the Secretary of Health and Human Services to 25% of total past-due benefits to which a claimant becomes entitled. In sum, attorney fees come out of the claimant's pocket, but are limited to protect the claimant from exorbitancy.

The Eleventh Circuit has held that application of the Social Security Act does not preclude recovery of fees under the EAJA. *See Watford v. Heckler,* 765 F.2d 1562 (11th Cir.1985).[2] This motion, however, presents the converse scenario: The court must resolve whether a fee award under the EAJA preempts an allocation of contingent fees to counsel out of claimant's recovery under the Social Security Act.

The court must analyze this question in light of the significance of the Eleventh Circuit's decision in *Watford v. Heckler,* 765 F.2d 1562 (11th Cir.1985), the Supreme Court's decision in *Sullivan v. Hudson,* — U.S. —, 109 S.Ct. 2248, 104 L.Ed.2d 941 (1989), and the interplay of the two legislative provisions. The *Watford* court clarified that the Social Security Act sought

(1) to limit the size of contingency fees *payable by the client,* Congress believing that contingent fee arrangements in Social Security cases often resulted in an inordinate deprivation of benefits otherwise payable to the client, and (2) to ensure that attorneys would receive some fees for their representation. Consequently, allowing fee awards *against the government* in Social Security cases in amounts greater than 25 percent of a claimant's past-due benefits would not be contrary to the letter or the spirit of 42 U.S.C. § 406(b).

*Watford v. Heckler,* 765 F.2d 1562, 1566–67 (11th Cir.1985) (citations omitted). The Eleventh Circuit in *Watford* concluded that the Social Security Act did not limit EAJA awards. *Id.* at 1567. *Watford* disapproved, however, of "double recovery" of fees and noted that "any award received by the claimant's counsel under the EAJA for work done in court must be used to reimburse the claimant up to any amount previously awarded under 42 U.S.C. § 406(b)(1) for counsel's services in court." *Id.* at 1566 n. 5. The *Watford* court thus intimated that counsel should be fully compensated but should not be allowed to recover from both the Government and the claimant under the EAJA and the Social Security Act, respectively.[3]

The Supreme Court peripherally reinforced this conclusion in *Sullivan v. Hudson,* — U.S. —, 109 S.Ct. 2248, 104 L.Ed.2d 941 (1989). There, the Court held that the EAJA covers the time an attorney

---

**2.** In its response to plaintiff's counsel's motion for fees, defendant asserts that the court should limit any EAJA award to 25% of plaintiff's past-due benefits—in accord with the Social Security Act. In essence, defendant does not object to an award of fees under the Social Security Act, but would presumably object to an award of greater than 25% of past-due benefits under the EAJA. The court cannot agree with defendant's interpretation of the case law on point: The *Watford* court has held that the Social Security Act does not preclude an award of fees under the EAJA to be paid by the Government; moreover, the Social Security Act refers to a limit on fee awards to be paid by the claimant, not by the Government.

**3.** At the time of the *Watford* decision—1985— one might have deduced that *Watford* allowed

for separate awards under the EAJA and the Social Security Act, taking into account that the EAJA might not cover proceedings before an agency. *See Watford v. Heckler,* 765 F.2d 1562, 1566 n. 5 (11th Cir.1985) (citing *Guthrie v. Schweiker,* 718 F.2d 104, 108 n. 11 (4th Cir. 1983)). The Fourth Circuit's decision in *Guthrie v. Schweiker,* cited in a footnote by the Eleventh Circuit in *Watford,* made clear that the double recovery notion and the idea of different proceedings before a court and an agency were separable. *See Guthrie v. Schweiker,* 718 F.2d 104, 108 n. 11 (4th Cir.1983). For the purposes of this motion, the Supreme Court's decision in *Sullivan v. Hudson,* — U.S. —, 109 S.Ct. 2248, 104 L.Ed.2d 941 (1989), makes further discussion on this point moot.

spends representing his client on the agency level. *See id.* Therefore, counsel can receive compensation under the EAJA from the Government for his services before the Secretary as well as for his work in court. Moreover, because the EAJA fully compensates counsel for his work, counsel should not gain an additional contingent fee from plaintiff.

In this case, counsel requests compensation under his 42 U.S.C. § 406(b) itemization for identical services listed and provided to his client under his EAJA itemization. If granted, this would appear to be a double recovery. Counsel is entitled to compensation in full for his work, but he may only recover once for work that he performs.

In sum, counsel may recover his entire fee entitlement—including court and administrative time—under the EAJA. The EAJA constitutes an award of fees to plaintiff from the U.S. Treasury. *See* 28 U.S.C. § 2412(d). The Social Security Act places a limit on the percentage contingent fee which an attorney may recover from his client; through it, Congress did not intend to grant counsel a bonus to be paid by claimant in addition to fees already paid by the Government. Counsel will be fully compensated under the EAJA by the Government, and therefore it would be inappropriate for him to receive any further compensation from his client—whether or not it exceeds 25% of total past-due benefits.

 Finally, the court finds that plaintiff has satisfied the dictates of the EAJA. The court also finds that $101.00 constitutes a reasonable hourly rate (properly in accord with cost-of-living increases) and that 21.5 hours expended are reasonable. Compensable court costs of $159.00 are similarly reasonable. Accordingly, after careful consideration, the court

ORDERS and ADJUDGES that plaintiff's counsel, Luis A. Segarra, Esq., is hereby AWARDED and the defendant Secretary of Health and Human Services is hereby taxed the amount of $2,171.50 in attorney fees under the Equal Access to Justice Act, in full compensation of counsel for services rendered in this action on behalf of plaintiff Robert Secatore. The court further

ORDERS and ADJUDGES that plaintiff's counsel's motion for fees under the Social Security Act is consequently DENIED.

DONE and ORDERED.