James PERKINS, Plaintiff,

v.

Michael J. ASTRUE, Commissioner
of Social Security, Defendant.

Case No. 8:06–CV–962–T–24MAP.

United States District Court,
M.D. Florida,
Tampa Division.

June 11, 2009.

Carol Ann Avard, Avard Law Offices, PA, Cape Coral, FL, for Plaintiff.

Susan R. Waldron, U.S. Attorney's Office, Tampa, FL, for Defendant.

### AMENDED ORDER [1]

MARK A. PIZZO, United States Magistrate Judge.

THIS CAUSE is before the Court of Plaintiff's counsel's motion for attorney's fees pursuant § 406(b)(1)(A) of the Social Security Act (doc. 23), Plaintiff's motion to supplement and attached supplemental memorandum of law (doc. 25), Plaintiff's motion for relief from judgment pursuant to Rule 60(b)(6) (doc. 26), and the Commissioner's responses thereto (docs. 24, 27, and 28). After this Court remanded the case on the Commissioner's motion, the Commissioner found Plaintiff disabled and awarded him approximately $60,783 in past due benefits. Plaintiff's counsel now seeks payment of attorney fees in the amount of $15,195.75. Defendant objects, asserting the motion is untimely and that the requested fees are unreasonable. Af-

ter consideration, I find that Plaintiff's counsel timely filed his motion and his request for fees reasonable.

### 1. Timeliness

Initially, this Court must determine whether the Plaintiff's motion for attorney's fees is timely. An application for fees under § 406(b) must be brought within the time provided by Fed.R.Civ.P. 54(d)(2), which requires filing a motion for attorney's fees within fourteen days "after entry of judgment." *Bergen v. Comm'r of Social Security*, 454 F.3d 1273, 1277 (11th Cir.2006). In *Bergen*, the Eleventh Circuit stated that determining whether a motion for attorneys' fees is timely filed "requires deciding when the 14 day period for filing petitions provided in the rules begins to run for a § 406(b) petition." *Id.* at 1277–78. The *Bergen* court suggested that the best practice for avoiding confusion about integrating Fed.R.Civ.P. 54(d)(2)(B) into the procedural framework of a fee award under 42 U.S.C. § 406 is for the plaintiff to request and the district court to include in the remand judgment a statement that attorneys fees may be applied for within a specified time after the determination of the plaintiff's past due benefits by the Commission. More recently, in *Blitch v. Astrue*, 261 Fed.Appx. 241 (11th Cir.2008), the Eleventh Circuit vacated the district court's dismissal of a fee petition as untimely where the Commissioner did not object to the timeliness of the petition and suggested that district courts should fashion a general order or a local rule permitting district-wide application of a universal process for seeking fees under these unique circumstances, keeping in mind Congress's intent behind § 406(b) to en-

---

1. This amended order is substantially the same as the original order I entered on May 8, 2009. The only difference is numbered paragraph four on page 6 concerning the refund of the EAJA fee.

courage attorneys to represent Social Security claimants. *Blitch,* at 241 n. 1.

Although the order remanding this case did not specify a deadline within which the Plaintiff's counsel could seek attorney fees following an award of past due benefits by the Commissioner, in the spirit of the Eleventh Circuit's rulings in *Bergen* and *Blitch,* I find the Plaintiff's counsel's fee petition timely filed. The Social Security Administration notified the Plaintiff of its award of past due benefits in a letter dated March 9, 2009 (See doc. 23, exhibit C–1). On March 20, 2009, the Plaintiff's counsel filed the motion for attorney's fees. Under Fed.R.Civ.P. 6(d) adding three days to computation of time after service of pleadings by mail, the motion for attorney's fees would be filed within fourteen (14) days of the SSA's award of benefits.

### 2. Reasonableness

■ At the outset, the Court notes it previously awarded Plaintiff's counsel $4,680.00 in attorney fees under the Equal Access to Justice Act (doc. 22). That award will be used to offset any fees due to counsel from Plaintiff's benefits pursuant to § 406. *See Watford v. Heckler,* 765 F.2d 1562, 1566 n. 5 (11th Cir.1985). Pursuant to 42 U.S.C. § 406(b)(1)(A), whenever a court renders a judgment favorable to a claimant in a social security matter, the court may award the claimant's attorney a reasonable fee for his representation. Such fee is not to exceed twenty-five percent (25%) of the retroactive benefits to which the claimant is entitled. 42 U.S.C. § 406(b).

■ Although the amount Plaintiff's counsel seeks does not exceed the statutory limitation on attorney's fees, the Court still must inquire whether such fee is reasonable. *Gisbrecht v. Barnhart,* 535 U.S. 789, 807, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002). "Generally, the best indicator of

the reasonableness of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client" *Pearce v. Astrue,* 532 F.Supp.2d 1367, 1369 (M.D.Fla.2008) (citation and quotations omitted). Other factors to be considered address the "character of the representation and the results the representative achieved;" for example, whether the attorney was responsible for delay in the case that would result in a greater fee due to the accumulation of back benefits, and whether the "benefits are large in comparison to the amount of time counsel spent on the case." *Gisbrecht,* 535 U.S. at 808, 122 S.Ct. 1817 (citations omitted). Moreover, although a court is not to apply a lodestar method in determining the reasonableness of an agreed upon contingency fee, a court may *consider* the record of "the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." *Id.*

In this case, counsel represented Plaintiff during the administrative proceedings beginning April 21, 2006, and continued representing Plaintiff during the judicial proceedings following Plaintiff's failure to obtain administrative relief. Plaintiff entered into a fee agreement with counsel agreeing to pay "25% of retroactive benefits pursuant to § 406(b) subject to approval by the Court, representing work done before the Federal Court." *See* Fee Agreement, doc. 23, Exhibit A. Counsel was not responsible for any delay in the proceedings. Rather, counsel filed Plaintiff's brief on the date set out in the Court's initial briefing order. In addition, counsel filed a well-organized, well-reasoned brief, Defendant's response to which was to request a remand to the administrative law judge for further consideration. Although these factors weigh in favor of finding the requested fee reasonable, the

Court has some concern about the size of the benefit award in comparison to the time expended by counsel. Counsel is seeking fees in the amount of $15,195.75, or twenty-five percent (25%) of the $60,783 in past benefits due to Plaintiff, in a case on which counsel spent only 26.5 hours.[2] Taking into account the risk counsel assumes in a contingency case, as well as the fact that the requested fees are not out of line with other fee requests approved by judges in this district, I conclude the requested fee is reasonable. *See Giddings v. Astrue,* 2009 WL 1107756 (N.D.Fla. Apr. 22, 2009) (adopting report and recommendation located at 2009 WL 764491 (N.D.Fla. Mar. 20, 2009)) (finding award of $22,060.50 for 40 hours works reasonable where counsel successfully convinced court to reverse Commissioner's decision); *Blount v. Astrue,* 2008 WL 2704406 (M.D.Fla.2008)(finding request for $12,434 attorney fee award reasonable for 18.58 hours worked, as it did not exceed 25% of the $70,950.40 award for past due benefits); *Wysocki v. Comm'r of Social Security,* 2008 WL 1897601, *4 (M.D.Fla.2008) (finding requested fee reasonable even though it amounted to more than $642 per hour, "an exceedingly high hourly rate in the central Florida market" where "risk that Wysocki would not prevail was substantial as shown by the procedural history in this case including three appeals to this Court"); *Watterson v. Astrue,* 2008 WL 783634, *2 (M.D.Fla.2008) (granting fee petition requesting $28,767.10 where attorney worked 26.4 hours even though issues "perhaps not entirely novel or extraordinarily complex," but representation was persuasive).

---

2. As the Commissioner noted in its memorandum, the Plaintiff included 2.3 hours for preparing her EAJA petition as part of her hours worked, and this time should not be included

Based on the foregoing, it is hereby

ORDERED:

1. Plaintiff's Motion for Attorney's Fees (doc. 23) is GRANTED;

2. Plaintiff's motion for leave to file supplemental memorandum of law (doc. 25) is GRANTED;

· 3. Plaintiff's motion for relief from judgment pursuant to Rule 60(b)(6) is DENIED as moot in light of the ruling on the Plaintiff's motion for fees;

4. Plaintiff's counsel is awarded fees in the amount of $15,195.75. Plaintiff's counsel is directed to refund Plaintiff in the amount of 4,680.00, the amount of attorney fees already paid under the Equal Access to Justice Act.

for purposes of determining counsel's hourly rate. I have reduced her total hours worked from 28.8 hours to 26.5 hours.