David TERRY, Plaintiff,

v.

Michael J. ASTRUE, Commissioner of Social Security, Defendant.

Case No. 2:07–cv–513–FtM–DNF.

United States District Court,
M.D. Florida,
Ft. Myers Division.

Nov. 4, 2010.

Carol Ann Avard, Douglas D. Mohney, Avard Law Offices, PA, Cape Coral, FL, for Plaintiff.

Javier M. Guzman, Susan R. Waldron, U.S. Attorney's Office, Tampa, FL, for Defendant.

## ORDER

DOUGLAS N. FRAZIER, United States Magistrate Judge.

This cause came on for consideration on the following motion(s) filed herein:

[redacted]

The Plaintiff's counsel is requesting that the Court award attorney's fees under 42 U.S.C. § 406(b). On April 9, 2008, this Court entered an Amended Order (Doc. 26) which reversed and remanded this action to the Commissioner for further action. On May 14, 2009, the Plaintiff filed an Amended Consented to Petition for EAJA [Equal Access to Judgment Act] Fees (Doc. 29). On June 13, 2009, the Court entered an Order (Doc. 30) awarding $5,351.13 in attorney's fees, $12.00 in paralegal fees, and $2.25 in expenses in EAJA fees. Counsel for the Plaintiff is now seeking additional fees pursuant to 42 U.S.C. § 406(b) which would amount to 25% of the Plaintiff's past due benefits. The Plaintiff, David Terry received $55,397.00 in past due benefits, and 25% of that amount is $13,849.25. Plaintiff's counsel acknowledges that if she is awarded fees pursuant to 42 U.S.C. § 406(b), that she would offset them by the prior EAJA award of $5,351.13 and $6,000 for administrative fees already received. Therefore, the Plaintiff is requesting $2,498.12.

 Title 42 U.S.C. § 406(b) allows the Court to award counsel for a successful claimant fees for work performed before the Court, however, the fees must be in a "reasonable" amount and must not exceed 25 percent of the total past due benefits awarded to the claimant. 42 U.S.C. § 406(b), *Coppett v. Barnhart*, 242 F.Supp.2d 1380, 1382 (S.D.Ga.2002). Section 406(b) does not replace the contingent fee agreement between the client and counsel, but it does require the Court to examine the agreement and the amount of fees, and make an independent determination that the fees are reasonable for the results in a particular case. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002). A court

must first look to the contingent-fee agreement and verify that it is reasonable. *Id.* at 808, 122 S.Ct. 1817. A court must then look to see if the attorney delayed the case, or if the benefits are large in comparison to the amount of time counsel spent on the case. *Id.* A court may require that counsel submit a record of the hours spent and counsel's normal hourly billing rate to aid the court in making its determination as to reasonableness. *Id.*[1]

██ ██ In the instant case, the Commissioner did not argue that the fees were unreasonable, rather he asserted that the Motion for Attorney's Fees (Doc. 38) was untimely, and that the issues regarding attorney's fees should be stayed until the Plaintiff's SSI benefits have been fully determined. The Commissioner asserts that Motion for Attorney's fees is untimely because is was not brought within the fourteen day period permitted by Fed.R.Civ.P. 54(d)(2). A Plaintiff in a social security case must comply with Fed.R.Civ.P. 54(d)(2). *See, Bergen v. Commissioner of Social Security*, 454 F.3d 1273, 1277 (11th Cir.2006). To determine if a motion for attorney's fees is timely, the Court must determine when the fourteen (14) day time period begins to run. *Id.* at 1277–78. The Eleventh Circuit has recommended that it might be best for a plaintiff in a social security case to request that the district court include in its remand judgment a statement that attorney's fees may be applied for within a specified time after the determination of plaintiff's past due benefits by the Commission. *Id.* Although the Order in the instant case which remanded the case to the Commissioner did not provide for the language mentioned above, the Court finds that the spirit of the Eleventh Circuit rulings allows for the filing of a Motion for Attorney's Fees after the

---

1. A court is not to use the lodestar method in determining the reasonableness of the fees in that the lodestar method "was designed to govern imposition of fees on the losing party" which does not occur in Social Security Benefit cases.

award of past due benefits by the Commissioner. *See, Perkins v. Astrue,* 632 F.Supp.2d 1114, 1116 (M.D.Fla.2009). In the instant case, the Commissioner informed the Plaintiff of awarding past due benefits in a letter dated August 2, 2010. (Doc. 38–3). Within the fourteen (14) day-time limit, on August 10, 2010, the Plaintiff filed an Unopposed Motion for Extension of Time (Doc. 36) which the Court granted on August 16, 2010, allowing the Plaintiff until September 15, 2010 in which to file a motion for attorney's fees. The Plaintiff filed the Motion for Attorney's Fees (Doc. 38) on August 17, 2010. Therefore, the Court finds that the Plaintiff's Motion for Attorney's Fees was timely filed.

 The Commission next argues that the issues regarding attorney's fees should be stayed pending a determination of whether the Plaintiff's Supplemental Security Income ("SSI") benefits will be an offset to the Plaintiff's award. The Plaintiff argues that attorney's fees are awarded prior to the determination of an offset for SSI benefits and the amount of attorney's fees is not impacted by an offset of SSI benefits. Pursuant to 42 U.S.C. § 406(b)(1)(B)(ii), past due benefits for the purpose of calculating attorney's fees "shall be determined before any applicable reduction under section 1320a–6(a) of this title." Further, 42 U.S.C. § 1320a–6 provides for reduction in benefits, however, in section (a)(2), it provides in part as follows:

A benefit under subchapter II of this chapter shall not be reduced pursuant to the preceding sentence to the extent that any amount of such benefit would not otherwise be available for payment in full of the maximum fee which may be recovered from such benefit by an attorney pursuant to subsection (a)(4) or (b) of section 406 of this title.

42 U.S.C. § 1320a–6(a)(2). Therefore, pursuant to the statutes, the amount of attorney's fees is determined without re-gard to any deductions or offsets for SSI benefits.

 Upon review of Plaintiff's counsel's Motion for Attorney Fees and the contingent fee agreement, the Court finds that the fees requested by counsel are reasonable. The contingent fee agreement provides that if an appeal is taken to federal court and counsel is successful, then the fee must be approved by the court and will not exceed 25% of the past due benefits. (Exhibit to Doc. 38–1) The fee agreement comports with 42 U.S.C. § 406(b) in that it allows a fee award up to 25% of the past due benefits.

The Court reviewed the file and notes that counsel did not delay this case. The Plaintiff filed her application on August 6, 2001, and was finally awarded benefits on August 2, 2010 by the Notice of Award. The delay in obtaining benefits is not attributable to counsel.

The Court also reviewed the amount of past due benefits to determine if the benefits are large in comparison to the amount of time counsel spent on the case. The Commissioner does not argue that the fees are excessive. The Court finds that as award of $13,849.25 is not excessive for the amount of time expended in this case.

For the foregoing reasons, the Court finds that the request for attorney's fees by counsel for the Plaintiff pursuant to 42 U.S.C. § 406(b) was timely and are the fees are reasonable.

**IT IS FURTHER ORDERED:**

Counsel for the Plaintiff is awarded $2,498.12 in attorney's fees pursuant to 42 U.S.C. § 406(b) which represents $13,849.25 minus the EAJA fees of $5,351.13 and minus the administrative fee of $6,000.